PEOPLE, *for use of* WHEELING CORRUGATING CO.,
*v.* W. L. THON CO.

1. PRINCIPAL AND SURETY—PUBLIC WORKS—MATERIALMEN—NOTICE
   —TIME—STATUTES.

   Notice to surety, required of materialmen relying upon the se-
   curity given by the principal contractor in the construction
   of public works, is mandatory and is a condition precedent
   to recovery by materialmen from surety on principal contrac-
   tor's bond irrespective of fact of no showing of injury to
   surety because notice may not have been given within time
   required by statute (3 Comp. Laws 1929, § 13133).

2. SAME—PUBLIC WORKS—SUFFICIENCY OF MATERIALMAN'S NOTICE
   TO PRINCIPAL CONTRACTOR'S SURETY.

   Evidence that attorney-in-fact for surety who had signed prin-
   cipal contractor's bond, given in connection with a State high-
   way construction project, had had some conversation with the
   corporate contractor's president as to several parties furnish-
   ing material for the project was insufficient to satisfy statu-
   tory requirements as to materialman's notice to principal
   contractor's surety where it is not shown that the attorney-
   in-fact was authorized to receive notice for the surety and
   there was nothing specific as to the amount or character of
   any of these claims (3 Comp. Laws 1929, § 13133).

3. SAME—PUBLIC WORKS—NOTICE TO SURETY—WAIVER.

   Statutory requirement that notice be given by materialman to
   surety on principal contractor's bond, given in connection
   with State highway project, within 60 days from date last
   materials were furnished may not be waived by acts of the
   contractor and materialman (3 Comp. Laws 1929, § 13133).

4. SAME—PUBLIC WORKS—WAIVER OF NOTICE OF EXTENSION OF TIME
   OF PERFORMANCE—MATERIALMAN'S NOTICE TO SURETY.

   While the notice of an extension of time of performance by
   principal contractor on State highway project was expressly
   waived in bond given by principal's surety, such waiver did
   not apply to statutory requirement that materialmen give

notice to such surety within 60 days from time last material was furnished so as to extend time for giving notice (3 Comp. Laws 1929, § 13133).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 8, 1943. (Docket No. 73, Calendar No. 42,543.) Decided November 29, 1943.

Assumpsit by People of the State of Michigan, for the use of Wheeling Corrugating Company, a West Virginia corporation, against W. L. Thon Company, a Michigan corporation, and Central Surety & Insurance Corporation, a Missouri corporation, on a lien bond. Judgment for plaintiff against W. L. Thon Company only. Plaintiff appeals. Affirmed.

*Max Kahn,* for plaintiff.

*Mason, Davidson & Mansfield (Walter A. Mansfield,* of counsel), for defendant Central Surety & Insurance Corporation.

CHANDLER, J. This is an action instituted by plaintiff to recover from defendants the value of certain materials furnished by it to the W. L. Thon Company, hereinafter called the contractor, in connection with the construction of a certain highway in the counties of Clare and Osceola by the State highway department. The contractor had furnished a bond with defendant surety company as surety pursuant to the provisions of Act No. 187, Pub. Acts 1905, as amended by Act No. 384, Pub. Acts 1925, and Act No. 167, Pub. Acts 1927 (3 Comp. Laws 1929, § 13132 *et seq.* [Stat. Ann. § 26.321 *et seq.*]). The trial court entered a judgment of no cause of action as against the surety company and awarded

a judgment in favor of plaintiff against the contractor. Plaintiff appeals.

The date of furnishing of the last of the materials by plaintiff for the project was October 12, 1940. It is conceded that notice under the provisions of section 2 of the act was not given by plaintiff to the highway department until March 7, 1941, more than 60 days after the date of the last delivery of materials, and it is further conceded that the surety company was not damaged by failure to give timely notice in accordance with the statutory provisions.

The trial court held that the failure to give the notice within the 60-day period was fatal to plaintiff's claim against the surety company.

Section 2 of the statute under consideration, prior to amendment, required notice to be given by a subcontractor "before payment is made for the work or materials furnished by him." The notice was to be given to the board of officers or agents contracting on behalf of the political subdivision. The act further provided that he should notify the principal contractor of the giving of the notice and that "whenever this shall have been done" he "shall be entitled * * * to the benefit of the security given by the principal contractor." No provision was made for giving notice to the surety. In *People, for use of New Jersey Terra Cotta Co.,* v. *Traves,* 188 Mich. 415, this court commented upon the fact that the then-existing law required no notice to the surety and intimated that if section 2 of the act as it then stood was intended to protect the surety, some notice to the latter would have been required. It is apparent that the court in that case felt that as the purpose of the notice was not clear, a very liberal construction should be given to the provision in question and in the absence of a showing of damage to the surety because of failure to give

notice strictly in accord with the statute, this defense was not available to the surety. In *People, for use of Sauer,* v. *Connell,* 195 Mich. 77, a similar liberal construction of the enactment was given, and it was held that as the surety had shown no injury by a belated notice, it had no cause for complaint. See, also, *People, for use of National Regulator Co.,* v. *Rosewarne,* 247 Mich. 22.

By Act No. 384, Pub. Acts 1925, section 2 of the act was amended. A subcontractor was required to give a similar notice as he had theretofore and in addition notify the surety on the bond that he had done so. The substantial and material change was the addition of the following provision as to materialmen, who had not before been required to give a notice.

"All others, excepting those furnishing labor, relying upon the security given by the principal contractor, shall within sixty days of the date of the actual furnishing of materials or supplies serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the State, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the furnishing of certain specified materials or supplies on account of such contract, and the said board of officers or agents shall within ten days thereafter furnish a copy of such notice to the sureties for the principal contractor."

It is apparent to us that the legislature had in mind the criticisms of the act expressed in *People, for use of New Jersey Terra Cotta Co.,* v. *Traves, supra,* when the amendment of 1925 was passed as provision was made for notice to the surety in the case of a subcontractor or materialman. The amendment of 1927 contained no language of dis-

tinction between subcontractors and materialmen, making the requirements as to the manner of giving notice and the time within which it shall be given the same. The notice is required of the materialmen "relying upon the security given by the principal contractor;" the language is mandatory, and, in our opinion, creates a condition precedent to recovery on the bond.

Plaintiff relies on *Christman* v. *Southern Surety Co.,* 43 Fed. (2d) 452, a case decided on the law as it existed prior to the 1927 amendment and which we do not deem controlling of the decision in the instant case.

Plaintiff further contends that the surety company had all the knowledge it would have received by compliance with the statute as to notice by virtue of conversations occurring in September and October of 1940 between Mr. Thon, president of W. L. Thon Company, the contractor, and a Mr. Smith, the attorney-in-fact who executed the bond in behalf of the surety company. Aside from the objection made to this testimony on the ground that there was no showing that Smith had any authority to receive any kind of notice for the surety company, the record shows the conversations to have been of a very general nature concerning several parties who had furnished materials for the project, with nothing specific being said as to the amount or character of any of these claims. In our opinion, this did not comply with the statutory requirements as to notice.

The bond contained this condition:

"The condition of this obligation is such that if there shall be paid, as the same may become due and payable, all indebtedness which may arise from said principal to a subcontractor or to any person, firm or corporation on account of any labor, material, supplies for equipment, camp or construction,

or rental of equipment furnished and actually used in the prosecution of the contract to which this bond is attached, *including extensions of time, notice of which is hereby waived by the surety,* then this obligation is to be void, otherwise to remain in full force and effect.'' (Italics ours.)

It is claimed by appellant that because of inclement weather conditions completion of the work was delayed; that its representative sought to collect its bill on several occasions but was informed by the contractor that because of the delay no payments had been made by the highway department on the contract, but that payment to plaintiff would be made as soon as the money was obtained. Plaintiff's representative then informed the contractor that it would wait for payment under the circumstances. Based on these facts, plaintiff claims a waiver in the time of giving notice, in view of the italicized portion of the condition of the bond as above quoted.

As did the trial court, we find no merit to the argument. The statute requires notice by materialmen within 60 days of the date of the furnishing of the last of the materials. This requirement could not be the subject of waiver by acts of the contractor and plaintiff. We construe the phrase ''including extension of time'' as found in the condition of the bond to refer to the time of performance of the contract between the highway department and the principal contractor. The surety guarantees payment of materialmen during the period of performance. Notice of any such extension in the time of performance is waived by the surety. This has nothing to do with the requirement of notice within the 60-day period. Even if the time of performance on behalf of the principal contractor is extended, the

materialmen must still give the notice within the prescribed period from the date the last of the materials are furnished.

We find no merit to other questions stated by appellant.

The judgment is affirmed, with costs to defendant surety company against appellant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.