CITY OF ST. JOHNS v. HUDSON-HOWE, INC.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF PUBLIC BUILDINGS— BONDS—SUBCONTRACTORS—NOTICE.

A subcontractor who failed to file the proper notice under statutory bond of principal contractor for construction of a public building for a city may not recover under the bond (3 Comp. Laws 1929, § 13132 *et seq.*).

2. INTERPLEADER—EXHIBITS—EVIDENCE.

In city's interpleader suit wherein record shows exhibit containing specifications for construction of a municipal building was introduced in evidence, finding of trial judge that specifications were never introduced was erroneous.

3. MUNICIPAL CORPORATIONS—INTERPLEADER—SURETY ON PUBLIC CONSTRUCTION BOND—ASSIGNMENTS—SUBCONTRACTOR.

In city's interpleader suit to determine ownership of funds withheld by city under contract for construction of a municipal building as between surety on statutory bond and assignee of principal contractor on the one hand and an unpaid

subcontractor who had performed work on the other hand where specifications provided that city might withhold a sufficient amount to make proper payments to subcontractors and that assignments were to be made subject to prior lien for services rendered and materials supplied, subcontractor was entitled to the fund withheld by the city to the extent of his contract price (3 Comp. Laws 1929, § 13132 *et seq.*).

Appeal from Clinton; Cash (Paul R.), J. Submitted June 8, 1944. (Docket No. 41, Calendar No. 42,723.). Decided June 30, 1944.

Bill of interpleader by City of St. Johns against Hudson-Howe, Inc., and others to determine the ownership of money in plaintiff's possession. Cross bill by R. E. Leggette, doing business as Acoustical & Specialties Contracting Company, claiming the full amount. Cross bill by Michigan Surety Company claiming full amount. Decree for defendant Michigan Surety Company. Defendant Leggette appeals. Reversed and decree awarding sum to appellant to be entered.

*Beaumont, Smith & Harris,* for defendant Leggette.

*Shields, Ballard, Jennings & Taber,* for defendant Michigan Surety Company.

SHARPE, J. This is a bill of interpleader filed by the city of St. Johns to determine the ownership of the sum of $1,400 which represents the balance owing by the city for the construction of a municipal building.

It appears that on December 10, 1938, the city of St. Johns advertised for sealed bids for the construction of a municipal building, and for the plumbing, heating and electric wiring thereof. Hudson-

Howe, Inc., was the successful bidder and entered into a contract with the city for the construction of the building. The defendant R. E. Leggette, doing business as Acoustical & Specialties Contracting Company, entered into a contract as subcontractor for the performance of certain work and services in and about the construction of the building. The specifications for the building provided:

"24. Owner's right to withhold certain amounts and make application thereof. In addition to the payment to be retained by the owner under the preceding provisions of these general conditions the owner *may withhold* a sufficient amount of any payment otherwise due to the contractor to cover (a) payments that may be past due and payable for just claims for labor or materials furnished in and about the performance of the work on the project under this contract, (b) for defective work not remedied, and (c) for failure of the contractor to make proper payments to his subcontractor. The owner *shall disburse* and shall have the right to act as agent for the contractor in disbursing such funds as have been withheld pursuant to this paragraph to the party or parties who are entitled to payment therefrom. The owner shall render to the contractor a proper accounting of all such funds disbursed in behalf of the contractor."

The statutory labor and material bond * was executed in which Robert Hudson and J. H. Howe, doing business as Hudson and Howe, were principals, Michigan Surety Company was surety, and the people of the State of Michigan were obligees. The same principal and surety company also executed a performance bond.

R. E. Leggette entered into a written contract with Hudson-Howe to furnish and install certain acousti-

* See 3 Comp. Laws 1929, § 13132 *et seq.* (Stat. Ann. § 26.321 *et seq.*).—REPORTER.

celotex for the building, in accordance with the plans and specifications, for the sum of $1,400. The work required by this contract was completed on December 6, 1939, and there is no dispute as to the character of the work done.

After work had commenced on the building the principal contractor experienced difficulties in meeting its financial obligations, and Robert Hudson, one of the partners of Hudson-Howe, borrowed the sum of $10,000 from the Owosso Savings Bank, which loan was secured by a bond executed by the Michigan Surety Company. On October 23, 1939, Robert Hudson and J. H. Howe assigned all their right, title and interest in and to certain moneys to become due to them by virtue of the construction contracts to Robert Hudson and Michigan Surety Company. The contract for the construction of the building was completed. The surety company paid all of the laborers, materialmen and subcontractors on the various jobs covered by the assignment except R. E. Leggette. It is admitted that the amount due R. E. Leggette under his contract is the sum of $1,400.

The trial court found that the Michigan Surety Company and Robert Hudson undertook and did complete the principal contract and that the assignment constituted a novation, and entered an order directing that the money be paid to the surety company. R. E. Leggette appeals. The surety company did not file a cross appeal. It is admitted that R. E. Leggette did not file the proper notice under the statutory bond and therefore is not entitled to recover under the bond. Appellant contends that by virtue of article 27 of the specifications,—

"Assignment of contract. The contractor shall not assign this contract or any part hereof without the written consent of the owner. No assignment of this contract shall be valid unless it shall contain

a provision that the funds to be paid to the assignee under the assignment are subject to a prior lien for services rendered or materials supplied for the performance of the work called for in said contracts in favor of all persons, firms, or corporations rendering such services or supplying such materials."

and article 24, hereinbefore quoted, he is entitled to the unpaid money held by the city of St. Johns.

The Michigan Surety Company contends that appellant, as a subcontractor, can only look to the principal contractor, or the surety on its bond, for recovery of the amount earned on his contract. It is also urged by the surety company, and the trial court found as a fact, that the specifications, of which article 24 is a part, were never introduced in evidence. In view of the fact that the determination of whether the specifications were introduced in evidence is important to the rights of the claimants of the fund, we have carefully examined the record and find that the court admitted in evidence all exhibits from 1 to 11. Exhibit 2 was the specifications. The record is clear that the specifications were introduced in evidence.

An examination of article 24 discloses that the city reserved the right to withhold money otherwise due the contractor for the payment of labor and materials. Under its provisions the city had the right to withhold such funds and disburse the same to parties entitled to payment from the principal contractor. The provision was designed as additional protection to the subcontractor.

Under article 27, relating to assignment, it is to be noted that the funds to be paid to the assignee are subject to a prior lien for services rendered or materials supplied.

In our opinion defendant R. E. Leggette is entitled to the sum of $1,400 by virtue of articles 24

and 27. The trial court was in error in awarding the sum to Michigan Surety Company.

The decree is reversed, and a decree will be entered awarding said sum to R. E. Leggette. Appellant may recover costs against the Michigan Surety Company.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.