PEOPLE, *for use and benefit of* CATSMAN COAL COMPANY,
*v.* MICHIGAN SURETY COMPANY.

1. MUNICIPAL CORPORATIONS—PUBLIC WORKS SURETY BOND—TIME OF
   SERVICE OF NOTICE.

   The 60-day period within which a supplier of materials for a
   public works construction contractor must serve notice upon
   surety commences at time last of the materials were furnished
   on account of the public construction; hence, a notice served
   within 60 days from time the last materials were furnished
   was timely although the materials then furnished were not
   used, the surety having taken over completion of the contract
   and purchased identical materials from another supplier after
   rejecting plaintiff's materials without valid reason for doing
   so (CL 1948, § 570.101 *et seq.*).

2. SAME—PUBLIC WORKS SURETY BOND—JUDGMENT—MATERIALS
   FURNISHED AND NOT USED.

   Judgment for plaintiff supplier of materials to contractor on
   public works bond for amount of materials furnished and
   used is affirmed on ground that period for service of notice
   on surety commenced when last materials were furnished not-
   withstanding that before they were used they were rejected
   without valid reason for doing so and like materials used by
   the surety who had taken over completion of the project, the
   price of such rejected materials having been excluded from the
   judgment (CL 1948, § 570.101 *et seq.*).

Appeal from Genesee; Elliott (Philip R.), J. Sub-
mitted April 2, 1957. (Docket No. 2, Calendar No.
47,047.) Decided June 10, 1957.

Action in the name of the People of the State of
Michigan, for the use and benefit of Catsman Coal

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur, Public Works and Contracts §§ 143 *et seq.*; 204
   *et seq.*

Company, a Michigan corporation, against Michigan Surety Company, a Michigan corporation, on surety bond guaranteeing payment to materialmen in connection with public works contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Donn D. Parker,* for plaintiff.

*Jennings, Fraser, Parsons & Trebilcock,* for defendant.

Dethmers, C. J.   Plaintiff, a supplier of materials, sues defendant as surety on the statutory bond of a public work contractor, furnished pursuant to PA 1905, No 187, as amended (CL 1948, § 570.101 *et seq.* [Stat Ann 1953 Rev § 26.321 *et seq.*] ).

September 9, 1955, is the last date on which plaintiff furnished the contractor with materials used on the public work in question.   Sixty-four days later, on November 12th, plaintiff served the notice provided for in section 2 of the above act, stating that the contractor was indebted to it for materials furnished on account of the contract between the contractor and the public authority involved.   On January 19, 1956, on the written order of the contractor, plaintiff furnished additional materials to the contractor for use on the mentioned public work by delivering them first to the site of the job and then, at the request of the contractor, to the latter's yards. Before the contractor had made use of them defendant, acting under the terms of its bond application, defaulted the contractor, took up the assignment therein of all of the contractor's assets used in connection with performance of the contract and amounts due it on account thereof, and took over performance of the uncompleted portion of the contract in the contractor's stead, for which purpose defendant hired another contractor and purchased

from another supplier and caused to be used materials identical to those furnished by plaintiff on January 19th, after writing to plaintiff that it had cancelled the contractor's order for plaintiff's materials already delivered and refusing to use them for no valid reason appearing in the record. On February 21, 1956, plaintiff served a second statutory notice of the contractor's indebtedness to it, including therein the amount of its January 19th delivery.

The title of the controlling statute, cited above, reads as follows:

"An act to insure the payment of subcontractors and wages earned and all materials or labor and certain supplies furnished and used in connection with and consumed in constructing, repairing or ornamenting public buildings and public works."

Pertinent provisions of the statute are:

"Sec. 1. When public buildings or other public works are about to be built, repaired or ornamented under contract at the expense of the State, or of any county, city, village, township or school district thereof, it shall be the duty of the board of officers or agents, contracting on behalf of the State, county, city, village, township or school district, to require sufficient security by bond for the payment by the contractor of all subcontractors and for the payment for all labor performed and materials and certain supplies furnished and used in the erection, repairing or ornamenting of such public buildings or works.

"Sec. 2. * * * All others, excepting those furnishing labor, relying upon the security given by the principal contractor, shall within 60 days after furnishing the last material or supplies, serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the State, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the fur-

nishing of certain specified materials or supplies on account of such contract."

It is clear that plaintiff's first notice, served on November 12, 1955, more than 60 days after its delivery, on September 9, 1955, of the last of its materials used on the job, was ineffective if it be held that the 60-day period prescribed by section 2 of the act started running on the latter date. Its notice of February 21, 1956, was served, however, within 60 days after January 19, 1956, when it furnished the last materials on account of the contract. The controlling question presented is, therefore, whether the last notice was effective despite the fact that the materials delivered on January 19, 1956, were not used on the job.

Defendant points out that the announced purpose of the act, as declared in its title, is "to insure the payment of  *  *  *  all materials  *  *  *  furnished and used in connection with  *  *  *  public works" and that section 1 requires that the bond be for the purpose of securing payment for "materials  *  *  *  furnished and used." Defendant urges that the provisions of section 2 of the act, relating to the service of notice by the materialman, must be read together with section 1 and in the light of the title, and that the conclusion follows that the notice from the materialman that the contractor is indebted to it "on account of such contract" (to quote the language of section 2) must be served within 60 days after furnishing the last materials which are used in performance of the contractor's construction contract. In that connection defendant cites *People, for use of Alpha Portland Cement Co.,* v. *Boyes & Blandford Co.,* 222 Mich 8; and *People, for use of Holmes,* v. *Sheehan,* 118 Mich 539, for the proposition that defendant's liability as surety on the bond is limited to those materials furnished by plaintiff to the con-

tractor which were actually used on the job covered by the bond, but does not extend to those furnished but not so used. It is interesting to observe, however, that section 3 of the act, prescribing the conditions of the bond, and section 4, fixing liability under the bond and providing for recovery thereon, speak only of materials furnished and make no mention of their "use."

If the surety's liability is limited to materials used on the contract job, it must be held to be so because of the language of section 1 of the act. It does not necessarily follow that the date of furnishing the last of the materials so used marks the beginning of the running of the statutory 60-day period. Section 2, containing the only language of the act governing service of the notice, fixes as the beginning date that of furnishing the last materials without reference to the use thereof on the job. Giving the statute the strict construction urged for it by defendant under authority of *People, for use of Wheeling Corrugating Co., v. W. L. Thon Co.,* 307 Mich 273, leads to the conclusion that the period starts running, in the words of section 2 "after furnishing the last material  *  *  *  on account of such contract." In other words, section 2 ties the running of the period not to the last date of furnishing materials which are used, but, rather, to the last date on which materials are furnished on account of the contractor's public construction contract. That serves to exclude from consideration materials not furnished in good faith for the purpose of performance of that contract. On the other hand, we are satisfied that it was not the legislative intent to permit a surety, by the simple device of rejecting, without valid reason, or causing the contractor to reject or attempt to return all such bona fide deliveries made during the past 60 days and substituting identical materials purchased from a different sup-

plier and using the same for completion of the job, to escape liability, on the grounds of the resultant tardiness of service of notice, for all materials previously furnished and used on the job. We think the trial court correct in holding that the delivery on January 19, 1956, was a bona fide furnishing of materials on account of the contract, and that the notice served within 60 days thereafter was timely.

Judgment for plaintiff, from which the price of materials delivered on January 19, 1956, was excluded, affirmed, with costs to plaintiff.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.