PEOPLE, *for use of* CHASTEEN, *v.* MICHIGAN
SURETY COMPANY.

Principal and Surety—Public Works—States—Materialman—
Notice—Time—Statutes.
>    Paid surety on public works project for State which had received
>    notice directly from subcontractor materialman of nonpay-
>    ment by principal contractor within 60 days from furnishing
>    of last material on construction job was not relieved from lia-
>    bility on its surety bond because of failure to give notice of
>    such nonpayment to the State administrative board, in the
>    absence of a showing that such technical noncompliance with
>    the pertinent statute had resulted injuriously to the surety (CL
>    1948, § 570.102).

Appeal from Genesee; Roth (Stephen J.), J. Sub-
mitted April 7, 1960. (Docket No. 32, Calendar No.
48,398.) Decided July 11, 1960.

Action in the name of the People of the State of
Michigan, for the use and benefit of Raymond Chas-
teen, doing business as Chasteen Electric, and
Royalite Company, a Michigan corporation, against
Michigan Surety Company, a Michigan corporation,
for sums due subcontractors on public works labor
and material surety bond. Judgment for plaintiffs.
Defendant appeals. Affirmed.

*Hoffman & Rubenstein* (*Paul V. Gadola, Jr.,* of
counsel), for plaintiffs.

*Clayton F. Jennings,* for defendant.

---

References for Points in Headnote

43 Am Jur, Public Works and Contracts §§ 209, 210. Necessity of
giving obligee, and through it, the obligor, notice of claims or
action by materialman or subcontractor upon bond of contractor
for public work. 96 ALR 1185.

DETHMERS, C. J.    Suit is in behalf of Chasteen, a subcontractor, and Royalite Company, his supplier-assignee, against defendant, a paid surety on a public works bond furnished, under CL 1948, § 570.101 (Stat Ann 1953 Rev § 26.321), by a principal contractor which had contracted to do construction work for the State of Michigan.    Plaintiffs have not been paid by the principal contractor the amount due Chasteen as subcontractor, for which this suit is brought.

The question presented, as raised in defendant's answer and its statement of question involved contained in its brief on appeal here, is whether plaintiffs' cause of action is barred by failure to serve upon the State administrative board, within 60 days after furnishing the last materials or supplies or performing the last work covered by the subcontract, the duplicate written notices as required by CL 1948, § 570.102 (Stat Ann 1953 Rev § 26.322), which also provides for furnishing by that board of a copy thereof to the surety within 10 days after its receipt by the board.    Here the plaintiff subcontractor did, however, furnish directly to defendant surety the requisite notice, sufficient, in our view, as to form, within the 60-day period after furnishing the last material.    See, *People, for use and benefit of Catsman Coal Company,* v. *Michigan Surety Co.,* 348 Mich 658.

We hold that plaintiffs' cause of action against defendant is not, under those circumstances, barred, as defendant contends, for failure to make service on the State board.    Had defendant alleged and the proofs established that failure to so notify the State board had resulted in the latter's payment of the principal contractor so that the surety could no longer recoup or protect itself by claiming and receiving such payments from the State, the situation presented and question to be decided might be different.    Such was not contended to be the case here.

History of the section of the statute providing for the notice in question and its varying requirements from time to time, commencing with its first enactment by PA 1905, No 187, and its subsequent amendments in PA 1925, No 384, and PA 1927, No 167, are set forth in our opinion in *People, for use of Wheeling Corrugating Co.*, v. *W. L. Thon Co.*, 307 Mich 273, and need not here be repeated. When, in its first form, the statute required the subcontractor to give notice to the board of officers of the contracting governmental unit and to notify the principal contractor (but not the surety) that he had done so, this Court was not impressed that the requirement was for the protection of the surety, and, hence, held that noncompliance was no defense to the surety unless it proved resulting injury to it. *People, for use of New Jersey Terra Cotta Co.*, v. *Traves*, 188 Mich 415; *People, for use of National Regulator Co.*, v. *Rosewarne*, 247 Mich 22.

By the 1925 amendment it apparently was sought to change this by requiring the subcontractor not only to give notice to the board of officers and to notify the principal contractor that he had done so but also to so notify the latter's sureties. It would seem that this change was intended to be for the protection of the surety. No decision of this Court construing the 1925 amendment is pertinent to the question here before us. The 1927 amendment changed things somewhat again. It required only that the subcontractor or materialman serve such notice, in duplicate, upon the board of officers, without need to notify the principal contractor or his sureties thereof, but provided that the board of officers, within 10 days after its receipt of such notices, should furnish a copy of it to such sureties. In this form the statute still evidences a concern for the protection of the surety. The section, as so amended, was considered in *People, for use of*

*Wheeling Corrugating Co.*, v. *W. L. Thon Co.*, 307 Mich 273, on which defendant surety here places its principal reliance.

In *Thon* the plaintiff, a materialman, had served the required notice, in duplicate, upon the public board of officers, but did so about 3 months after the 60-day period had expired. No showing was made, as here, that plaintiff had served a notice upon the surety sufficient to "comply with the statutory requirements as to notice." In that case this Court recognized that the statutory change since *People, for use of New Jersey Terra Cotta Co.*, v. *Traves, supra,* concerning required service of notice, was designed to protect the surety. Hence, there being no showing of timely notice to the surety, either directly or via the board of officers, as in the statute provided, this Court held such noncompliance a bar to recovery against the surety even though there was no showing of resultant injury to it. Here, in contrast, defendant had such timely notice directly. From all that appears and under the facts of this case, this gave it all the protection intended by the statute, as fully as if the notice had gone first, in duplicate, to the board of officers (State administrative board). Under such circumstances the old rule of *Traves* should apply, that lack of strict compliance with the statutory requirement to serve notice on the administrative board stands as no defense to defendant, a paid surety, unless it shows resultant injury. As plaintiffs' brief suggests:

"Such an injury could occur if for example, the State, not knowing of plaintiff's claim, paid out certain moneys to the prime contractor before the surety could put its assignment agreements entitling it to receive the prime contractor's payments from the State of Michigan, into effect. Thus, the surety would in such situation be required to pay the subcontractors and would suffer an increased loss by

reason of being unable to collect from the State of Michigan."

No such or similar showing was made here.

Judgment for plaintiffs affirmed, with costs.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.