PEOPLE, *ex rel.* F. YEAGER BRIDGE & CULVERT COMPANY, *v.* COOKE CONTRACTING COMPANY.

1. PRINCIPAL AND SURETY — PUBLIC HIGHWAY — MATERIALMAN OF SUBCONTRACTOR — NOTICE — TIME — STATUTES.

   The statutory requirement that materialman serve notice to the State highway commissioner within 60 days from time of furnishing last materials to subcontractor is mandatory in order to recover from contractor and its surety on payment bond given by surety for public works contractor with the commissioner, mere knowledge that a certain party had furnished materials being insufficient notice (CL 1948, § 570.101 *et seq.*).

2. JUDGMENT — SUMMARY JUDGMENT — AFFIDAVITS — NOTICE BY MATERIALMAN OF SUBCONTRACTOR.

   Summary judgment was properly entered for defendant contractor and its surety on highway construction job in action by materialman which had not been paid by the subcontractor to whom materials had been supplied, where affidavit of contractor that it had no knowledge of any debt from the time the materials were furnished by plaintiff until the belated notice was received from the highway department and nothing in the answer to the motion for summary judgment or by supporting affidavit met such issue, there being no material issue of fact as to receipt of notice (CL 1948, § 570.101 *et seq.*).

3. PRINCIPAL AND SURETY—PUBLIC WORKS—NOTICE BY MATERIALMAN FOR SUBCONTRACTOR.

   The materialman who furnishes materials for a public works project subcontractor has the responsibility for taking the initiating step in giving notice within a limited time to the public officer authorized to make payment for the project in order to perfect his claim against the surety of the principal contractor (CL 1948, § 570.101 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 43 Am Jur, Public Works and Contracts §§ 153, 210.
  Necessity of giving obligee notice of claim or action or making it a party to action by laborer, materialman or subcontractor upon bond of contractor for public work. 96 ALR 1185.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted February 6, 1964. (Calendar No. 49, Docket No. 50,291.) Decided April 6, 1964. Rehearing denied May 6, 1964.

Action in the name of the People of the State of Michigan for the use and benefit of F. Yeager Bridge & Culvert Co., a Michigan corporation, against the Cooke Contracting Co., a Michigan corporation, and Fidelity & Deposit Company of Maryland, a Maryland corporation, on public works payment bond for sums due materialman from subcontractor. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Walsh, O'Sullivan, Stommel & Sharp,* for plaintiff.

*Lewis & Watkins,* for defendants.

ADAMS, J. Defendant Cooke Contracting Company entered into a highway construction contract with the Michigan State highway commissioner. Defendant Fidelity & Deposit Company furnished the statutory bond. Cooke subcontracted a bridge-building portion of the highway work to W. J. Storen Company. Plaintiff F. Yeager Bridge & Culvert Company furnished Storen with steel beams priced at $46,152.10. Subcontractor Storen failed to pay and plaintiff brought this suit under CL 1948, § 570.101 *et seq.* (Stat Ann § 26.321 *et seq.*).

According to plaintiff's declaration, the statutory notice required to be served on the State highway commissioner within 60 days of the last furnishing of materials was not given until January 2, 1962, 37 days beyond the deadline. Plaintiff also alleges in his declaration that Cooke and Fidelity knew of the nonpayment to plaintiff and that Cooke, with the approval of Fidelity, obtained large sums of money from the highway commissioner by filing misleading

affidavits after plaintiff's materials had been furnished. The affidavits were sworn to by Storen on October 26, 1961, and by Cooke on October 31, 1961. The application for release of funds was approved by Fidelity. The affidavits stated that all bills for materials were paid except "current bills." Plaintiff last furnished Storen with materials on September 28, 1961. These facts do not warrant the conclusion that the affidavits were false or misleading.

Defendants moved for summary judgment because of failure to give notice within the 60-day requirement of the statute. A supporting affidavit states that Cooke never had notice of the claim of plaintiff against Storen or any knowledge that plaintiff furnished materials to Storen until January 4, 1962; that Cooke paid Storen $38,940.85 in December, 1961, more than 60 days *after* the materials were furnished by plaintiff and *before* the notice was received by Cooke. Summary judgment was granted the defendants. This appeal followed.

The statutory requirement of notice was not met. That it is mandatory, as to the surety, was decided by this Court in *People, for use of Wheeling Corrugating Co.,* v. *W. L. Thon Co.,* 307 Mich 273. Mere knowledge by a surety that a certain party had furnished materials is insufficient notice.

*People, for use of Chasteen,* v. *Michigan Surety Company,* 360 Mich 546, did somewhat liberalize a strict construction of the law, holding that where the requisite statutory notice is furnished directly to the surety *within the 60-day period* the failure to give notice to the State administrative board resulted in no injury to the surety and the surety would be held; and *People, for use and benefit of Michigan Electric Supply Company,* v. *Vandenburg Electric Company,* 343 Mich 87, held that where there had been a proper notice under the statute but for an inaccurate amount, if the surety was informed of the error and

of the true amount due *within the 60-day period,* the surety may be held.

Both of these cases preserve the statutory purpose —to give notice to the surety that a claimant, who has not had any direct dealing with the surety's principal but, rather, with a subcontractor, intends to hold the surety responsible on its bond.

In the present case, Cooke's sworn affidavit denies knowledge of any debt from the time the materials were furnished by plaintiff until the notice was received from the highway department. Nothing in the answer to the motion for summary judgment or by supporting affidavit met this issue. The trial judge concluded, as do we, that Cooke's definite sworn statement was true and that on the question of knowledge by Cooke there was no material issue of fact. The motion for summary judgment, as to Cooke, was correctly granted.

As for the surety, the statute places the responsibility upon the materialman to serve notice. Under plaintiff's contention, mere knowledge by the surety of an unpaid bill would oblige the surety to take steps to assure payment on peril of being held liable. The surety would be a virtual insurer of all debts and obliged to supervise the activities of contractors and subcontractors far beyond what is necessary under this statute. The statute places the responsibility upon the materialman for the initiating step within a limited period of time if he wishes to perfect his claim. Had that step been timely taken, unless plaintiff's account was paid, the $38,940.85 payment from Cooke to Storen would not have been made.

The judgment of the trial court is affirmed, with costs to the defendants and appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred.

BLACK, J., did not sit.