STATE HIGHWAY COMMISSION v UNITED PACIFIC
INSURANCE COMPANY

1. PRINCIPAL AND SURETY—INTERPLEADED FUNDS—SUBCONTRACTORS.

A surety cannot claim a priority over unpaid subcontractors to
interpleaded funds representing the unpaid balance on a con-
struction contract with the state merely because it has com-
pleted the work under its performance bond or because of its
assignment from the principal contractor; the surety, by the
assignment or by its performance can claim nothing under the
contract which the principal could not have claimed.

2. PRINCIPAL AND SURETY—INTERPLEADED FUNDS—SUBCONTRACTORS—
LIENS.

A surety cannot claim priority as subrogee or assignee of those
subcontractors who were paid under its surety bond over un-
paid subcontractors to funds due on a construction contract
which provided for evidence of payment of all payroll, material
bills, and other debts, before issuance of a final certificate,
because the contract provision is construed as an equitable lien
on the funds in favor of the subcontractors who were not paid.

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted Division 2 December 6, 1973, at Lansing.
(Docket No. 16943.) Decided March 7, 1974.

Complaint by the State Highway Commission for
interpleader against United Pacific Insurance
Company, as surety, and eight subcontractors to
determine rights in the unpaid balance on a con-
struction contract. Priority in the funds was
awarded to four unpaid subcontractors over de-
fendant surety. Defendant surety appeals. Af-
firmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Contractors' Bonds §§ 52, 78.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant United Pacific Insurance Company.

*Gillard & Gillard,* for defendant Gary's Poured Walls.

*Polasky, Meisel & Rosenbaum,* for defendant Tri-City Acoustical Company.

*John T. Garey,* for defendant Dover & Company.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Plaintiffs brought this action in interpleader, GCR 1963, 210, seeking a determination of ownership of $6,415.62, a sum representing the unpaid balance on a construction contract. The L. A. Trapp Construction Company, Inc., as principal contractor, had entered into a contract with the state for the construction of a maintenance garage in Atlanta, Michigan. A claim to all or part of the fund was advanced by defendant-United Pacific Insurance Company who, as surety and pursuant to its bond obligations, completed the garage after the principal's default and made payments to those subcontractors who filed timely notice of claims pursuant to MCLA 570.102; MSA 26.322.

Claims to the interpleaded fund were also ad-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

vanced by defendants Dover & Company, Gary's Poured Walls, H. L. Lockrow Company, Inc., and Tri-City Acoustical Company, Inc., for unpaid labor and materials furnished in the construction of the garage. These four subcontractors failed to file proper timely notices, which would have entitled them to recover under the statutory construction bond. *Dover & Co v United Pacific Insurance Co,* 38 Mich App 727; 197 NW2d 126 (1972).

Defendants Custom Color House, Bud Teets, Huron Building Supplies, and Sonneborn Division De Soto, Inc., did not appear below. Their defaults have been entered, and they have not appealed.

By its judgment, dated April 6, 1973, the trial court found that the four unpaid subcontractors who had appeared and defended had priority in the interpleaded fund and that, if their claims exceeded the fund, they were entitled to share pro rata in it. Defendant surety appeals. We affirm.

Defendant surety claims to be entitled to priority in the sums retained by the state under the original contract because defendant had to assume the contract, complete performance, and, as a result, obtained an assignment from the principal contractor of all sums due under the original contract. Furthermore, the surety claims priority since it had to pay the amounts in excess of those retained by the state for satisfaction of all other subcontractors who had properly filed notices of claim. These payments totaled $70,366.71, and by reason of assignments and releases given by each subcontractor so paid, the state has already released $20,000 due under the contract to defendant surety.

Defendant surety cannot claim a priority over the unpaid subcontractors to the sums retained by the state merely because it has completed the

work as it was obligated to do by its performance bond, or because of its assignment from the principal contractor. This is so because the surety, by the assignment or by its performance, steps into the shoes of the principal and can claim nothing under the contract which the principal could not have claimed. *Knapp v Swaney,* 56 Mich 345; 23 NW 162 (1885).

Similarly, as subrogee or assignee of those subcontractors who were paid under defendant surety's bond obligations, the surety cannot claim priority over the unpaid subcontractors in the interpleaded fund. In urging the contrary, defendant surety fails to distinguish and identify the purposes of the $20,000 fund already released by the state to it and the $6,415.62 fund which was withheld. The former represents the rest of the payment for over $70,000 worth of subcontracting services, materials and labor.[1] The latter interpleaded fund represents claims for services, labor and materials which have not been paid. It was withheld by the state pursuant to the third paragraph of Art 5 of the state's contract with the principal contractor. The relevant portion of that contract reads as follows:

"Before issuance of final certificate, the contractor shall submit evidence satisfactory to the owner that all payroll, material bills, and other indebtedness connected with this work have been paid."

In *City of St. Johns v Hudson-Howe, Inc,* 309 Mich 240; 15 NW2d 147 (1944), the city filed a bill of interpleader to determine ownership of the sum of $1,400, which represented the balance owing by the city for the construction of a municipal build-

---

[1] Amounts in excess of $50,000 had apparently already been paid to the principal contractor for these services.

ing. In that case, the surety also argued that the subcontractor could only look to the principal contractor or the surety on its bond for recovery of the amount earned by the subcontractor on his contract. The Supreme Court disagreed, holding that a contract provision similar to that quoted above was designed as an additional protection to the subcontractors. Likewise, we construe the above quoted contract provision as providing an equitable lien on the interpleaded fund for services rendered and materials supplied in favor of the unpaid subcontractors.

Affirmed. Costs to defendants-appellees.