CHARLES W. ANDERSON COMPANY v ARGONAUT INSURANCE
COMPANY

Opinion of the Court

1. Principal and Surety—Surety Bonds—Construction Contractors—Statutes—Notice of Claim—Substantial Compliance.

A subcontractor who has no direct contractual relationship with
the principal contractor is precluded from bringing an action
for payment on a surety bond where the subcontractor fails to
serve notice of his claim upon the principal contractor within
30 days of the commencement of the subcontractor's work; the
statutory 30-day notice provision is to be strictly adhered to,
and substantial compliance is not sufficient (MCLA 129.207).

2. Principal and Surety—Surety Bonds—Construction Contractors—Notice of Claim—Pleadings—Delay—Waiver—Statutes.

A defendant surety company which failed to assert a notice
defense to an action by a construction subcontractor on a
surety bond until two years after the filing of the original
pleadings did not waive the defense where the delay was
traceable to plaintiff's reliance in its complaint upon the wrong
statute and where neither the original nor amended complaint
specified the date on which work was commenced, which was
information necessary to determine compliance with the statutory notice provision (MCLA 129.207).

Dissent by V. J. Brennan, P. J.

3. Principal and Surety—Surety Bonds—Construction Contractors—Notice of Claim—Statutes—Substantial Compliance.

*Substantial compliance with a statutory notice requirement, by a
construction subcontractor seeking recovery on a surety bond,
is sufficient to allow the maintenance of the action absent a
showing of prejudice to the surety; the statute requires notice
of the claim to be given to the principal contractor, not the*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 12 Am Jur 2d, Bonds § 6 *et seq.;* § 52 *et seq.*

*surety, and a surety may not benefit by a subcontractor's
noncompliance with the statute (MCLA 129.207).*

Appeal from Lapeer, Norman A. Baguley, J.
Submitted March 10, 1975, at Detroit. (Docket No.
21042.) Decided July 22, 1975. Leave to appeal
denied, 395 Mich —.

Complaint by Charles W. Anderson Company
against Argonaut Insurance Company for recovery
on a surety bond. Summary judgment for defend-
ant. Plaintiff appeals. Affirmed.

*Hart, Meier, Howlett, McConnell & Googasian*
(by *Eric J. McCann),* for plaintiff.

*Taylor & Patterson,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and D. F. WALSH, JJ.

D. F. WALSH, J. The plaintiff is a subcontractor
who performed certain excavation work in connec-
tion with the construction of a pumping plant for
the City of Detroit. Plaintiff had no direct contrac-
tual relationship with the principal contractors.
This action was brought to recover on a payment
bond executed by defendant surety company. Sum-
mary judgment was entered against the plaintiff
for failure to serve the principal contractor with
notice of its claim within 30 days of beginning
work as required by MCLA 129.207; MSA
5.2321(7), which provides:

" * * * A claimant not having a direct contractual
relationship with the principal contractor *shall not
have a right of action upon the payment bond unless* (a)
he has within 30 days after furnishing the first of such
material or performing the first of such labor, served on
the principal contractor a written notice, which shall

inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials, and (b) he has given written notice to the principal contractor and the governmental unit involved within 90 days from the date on which the claimant performed the last of the labor or furnished or supplied the last of the material for which the claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. * * * " (Emphasis supplied.)

The excavation work was begun on July 14, 1971, and completed on August 4, 1971. Plaintiff acknowledges that the first notice was not served on the principal contractor until August 30, 1971, 17 days after the date on which it was required under the statute. The second notice, however, was served on September 8, 1971, 55 days prior to the date on which it was required to be served. Plaintiff argues that it substantially complied with the notice provisions of the statute and that it should not be precluded from bringing this action for payment under defendant insurance company's bond.

We are not out of sympathy with plaintiff's position but the plain language of the statute and the force of the precedent which we must apply in our interpretation thereof compel us to the conclusion that substantial compliance is not sufficient.

Prior to the enactment of the present law, 1905 PA 187 governed the payment of subcontractors who furnished the labor and materials in connection with all governmental construction projects.[1]

---

[1] MCLA 129.211; MSA 5.2321(11), renders that statute (MCLA 570.101—570.105; MSA 26.321-26.325) inapplicable to contracts for

The notice provisions of that statute, contained in MCLA 570.102; MSA 26.322, required a subcontractor who intended to rely upon the payment bond given by the principal contractor to serve written notice upon the governmental body within 60 days of the completion of his services.

This statutory language regarding the notice requirement was construed by our Supreme Court as being mandatory and creating a "condition precedent to recovery on the bond", even absent a showing that the defendant surety company had been damaged by the subcontractor's failure to serve timely notice. *People, for use of Wheeling Corrugating Co v W L Thon Co,* 307 Mich 273, 277; 11 NW2d 886 (1943).

This rigid application of the 60-day requirement was reaffirmed in the later case of *People, ex rel F Yeager Bridge & Culvert Co v Cooke Contracting Co,* 372 Mich 563, 565; 127 NW2d 308 (1964). And the harshness of the rule—as well as the binding precedent set by the *Wheeling* decision—was recently confirmed in Judge (now Justice) LEVIN's concurring opinion in *Dover & Co v United Pacific Insurance Co,* 38 Mich App 727, 732–734; 197 NW2d 126 (1972). See also *State Highway Comm v United Pacific Insurance Co,* 52 Mich App 157, 159; 216 NW2d 469 (1974).

The notice provision contained in the new statute has not as yet been subjected to appellate review. And in fact the § 7(a) deadline (30 days from the *beginning* of work) was not previously required. But the legislative purpose behind both notice requirements is indistinguishably similar. Protection of the surety is contemplated so that it

public buildings or other public works except construction and maintenance contracts of the state highway commission.

might have timely notification that a claimant who has not had any direct dealing with the surety's principal but, rather, with a subcontractor, intends to hold the surety responsible on its bond in the event of default by one of the contractors. Cf. *Cooke Contracting Co, supra.*

Section 7(a) requires that notice of the nature of work to be performed must be given to the principal contractor within 30 days of the commencement of work by the claimant so that the principal and his surety are apprised of potential liability. Section 7(b) gives the claimant 90 days from the completion date of his work to notify both the principal contractor and the governmental unit of the amounts due from any of the subcontractors.

Unlike the provisions of MCLA 570.101 *et seq.;* MSA 26.321 *et seq.,* however, the Legislature has spelled out the consequences befalling the claimant "not having a direct contractual relationship with the principal contractor" who fails to comply with either notice requirement: He simply "shall not have a right of action upon the payment bond". Such explicit language leaves very little room for judicial construction.

The plaintiff's next claim is that the defendant surety company waived the notice defense by failing to assert it until two years after the filing of the original pleadings. However, it appears that defendant's delay is traceable to the plaintiff's own failure to cite the proper statute on which it relied in its complaint. Moreover, neither the original nor the amended complaint specified the date on which work was commenced by the plaintiff. Such information was obviously necessary to determine compliance with § 7(a).

We have considered the plaintiff's final contention and find that argument without merit.

The order granting defendant's motion for summary judgment is therefore affirmed.

J. H. GILLIS, J., concurred.

V. J. BRENNAN, P. J. *(dissenting).* I respectfully disagree with the decision reached by my colleagues. It is my considered opinion that under the present law, MCLA 129.201 *et seq.;* MSA 5.2321(1) *et seq.,* substantial compliance with the terms of the statute by a "claimant not having a direct contractual relationship with the principal contractor" is sufficient to allow the claimant to proceed against the payment bond for the amount due and owing for labor or materials furnished for the performance of the contract and that in the absence of some showing of prejudice a surety may not benefit by a subcontractor's noncompliance with the statute.

My colleagues hold that substantial compliance with the terms of the statute is not sufficient because of "the plain language of the statute and the force of the precedent which we must apply in our interpretation thereof". The cases relied on by my colleagues, however, in my estimation, have no application under the terms of this statute. The cases relied on by my colleagues all involve the earlier statute governing this area, MCLA 570.101 *et seq.;* MSA 26.321 *et seq.,* which contained a provision added to §2 by 1925 PA 384 which required notice to be given to the surety. This provision, as explained by our Supreme Court in *People, for use of Wheeling Corrugating Co v W L Thon Co,* 307 Mich 273; 11 NW2d 886 (1943), was apparently passed in response to the decision of our Supreme Court in *People, for use of New Jersey Terra Cotta Co v Traves,* 188 Mich 415; 154 NW 120 (1915), and served as the basis for the subsequent decisions from our Supreme Court which held that the statute was mandatory and to

be strictly complied with. The statute in force prior to the enactment of 1925 PA 384 did not require that notice be given to the sureties and was given a liberal interpretation by our Supreme Court. Substantial compliance with the terms of the statute was held to be sufficient to allow a subcontractor to recover on the bond, *People, for use of Sauer v Connell,* 195 Mich 77; 161 NW 844 (1917), and it was also held that a surety company could not benefit by a subcontractor's noncompliance with the terms of the statute as to notice without alleging and proving that it was injured thereby. *People, for use of Sauer v Connell, supra, People, for use of New Jersey Terra Cotta Co v Traves; supra.* Our Supreme Court departed from this rule once the Legislature included in the statute the requirement that notice be given to the surety. The present act, MCLA 129.201 *et seq.;* MSA 5.2321(1) *et seq.,* however, like that in effect prior to the enactment of 1925 PA 384, does not require that notice be given to the surety. By eliminating this requirement from the statute the Legislature also eliminated the premise underlying the decisions relied upon by my colleagues—that is, that the statutory purpose was to give notice to the surety. See *People, ex rel F Yeager Bridge and Culvert Co v Cooke Contracting Co,* 372 Mich 563; 127 NW2d 308 (1964). Under these circumstances I would follow the decisions of our Supreme Court decided before the enactment of 1925 PA 384 and hold that substantial compliance with the terms of the statute is sufficient and that in the absence of some showing of prejudice a surety may not benefit by a subcontractor's noncompliance with its terms.

In the case at bar, therefore, I would hold that plaintiff's claim is not barred by his failure to give

notice to defendant within the statutory 30-day period. I would, therefore, reverse the decision of the trial judge and remand the case for trial.