DAVY FUEL & SUPPLY CO. *v.* S. R. RATCLIFFE PLASTER-
ING CO.

1. MUNICIPAL CORPORATIONS—CONTRACTOR'S STATUTORY BOND—CON-
STRUCTION OF STATUTE.
   In construing statute providing for protection of subcontractors,
   their laborers, and materialmen under statutory bond of con-
   tractor erecting public building, language should be read in
   harmony with history and purport of act and in connection
   with context (3 Comp. Laws 1929, § 13133).

2. SAME—RIGHTS OF SUBCONTRACTOR'S LABORERS AND MATERIALMEN.
   Statutory rights of subcontractor's laborers and materialmen
   under contractor's statutory bond, *held*, not decreased by
   change in statute extending protection of said bond to sub-
   contractors, but limitation is placed upon recovery of sub-
   contractor, with special reference to his rights acquired by
   subrogation (3 Comp. Laws 1929, § 13133).

3. SAME—STATUTORY BOND LAW AND LIEN LAW DIFFERENT.
   Statute providing for protection of subcontractors, their labor-
   ers, and materialmen under contractor's statutory bond is not
   lien law, but rights under respective acts and procedure to
   establish and enforce them are essentially different.

4. SAME—RIGHTS OF SUBCONTRACTOR'S LABORERS AND MATERIALMEN.
   Unpaid laborers and materialmen of subcontractor on public
   buildings are entitled to full benefit of contractor's statutory
   bond, although subcontract price may be exceeded thereby
   (3 Comp. Laws 1929, § 13133).

Appeal from Wayne; Houghton (Samuel G.), J.,
presiding. Submitted June 14, 1932. (Docket
No. 138, Calendar No. 36,617.) Decided October 3,
1932.

Assumpsit by Davy Fuel & Supply Company, a
Michigan corporation, against S. R. Ratcliffe Plas-

tering Company, a Michigan corporation, and others for materials used in the construction of a public building. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Wilkinson, Lowther & O'Connell,* for plaintiff.

*Bryant, Lincoln, Miller & Bevan,* for defendants.

FEAD, J. Plaintiff furnished materials to S. R. Ratcliffe Plastering Company, subcontractor, for use in constructing a building for the city of Detroit. The suit is to recover for the materials and was brought against the subcontractor, the principal contractor, and surety on the contractor's bond for construction of a public building. 3 Comp. Laws 1929, § 13132 *et seq.* Plaintiff had summary judgment.

Defendant contractor, Bryant & Detwiler Company, claims it lawfully paid the subcontractor certain sums, expended money in completing the subcontract after the subcontractor had abandoned it, and owes only a small balance on the subcontract, which should be apportioned among several unpaid materialmen. Defendant's contention is that a subcontractor and his laborers and materialmen cannot recover on the bond more than the subcontract price, under section 2 of the act, quoted in essentials below with the language relied upon italicized.

Section 2 provides that the subcontractor shall serve upon the public board a written notice that he relies upon the security of the bond and—

"whenever this shall have been done, the said subcontractor shall be entitled, subject to the rights of the persons with whom he has contracted for labor, materials or supplies to the benefit of the security given by the principal contractor, and to be sub-

rogated to the liens of the persons who have performed labor or furnished materials or supplies for such building, repairs or ornamentation, whom he shall have actually paid, *but the subcontractor and the persons who shall have performed labor or furnished materials or supplies to him shall not in the aggregate be entitled to receive larger sums that (than) may be required from the principal contractor under his contract with the subcontractor,* nor shall this act be construed to change in any way the contract which may have been made between the principal contractor and the subcontractor, except when such contract shall attempt to relieve the principal contractor as against the demands of those performing labor or furnishing materials or supplies to the subcontractor.''

Defendant's construction of the section would afford a contractor an opportunity, by connivance with irresponsible subcontractors at low prices, to defraud laborers and materialmen, and should not be adopted unless necessary. Of course, the usual rule of construction should be applied, that the language relied upon be read in harmony with the history and purport of the act and in connection with the context.

The original act, 3 Comp. Laws 1897, § 10743, did not protect subcontractors but did extend full benefit of the security to their laborers and materialmen. The essential change made in the enactment of the present law of 1905, 3 Comp. Laws 1915, § 14827 *et seq.,* was in extending protection of the bond to subcontractors and providing the machinery therefor. This was done by the enactment of a new section 2 to declare the rights of subcontractors and by a few necessary changes elsewhere. Otherwise the plan of the original law, in substantially the same language, was continued in the new act

and all the other provisions of the latter, the title, requirement for bond, conditions of the bond, and remedy for enforcement, can be read to no other purpose than that laborers and materialmen of subcontractors have full recourse to the security for their claims, regardless of the contract and state of accounts between contractor and subcontractor. Nor is there provision in the law for apportioning the security, if inadequate to pay claims in full, among laborers and materialmen of the subcontractor or of the contractor. The remedy is by suit at law on the bond, and recovery is individual. The nature of the change does not indicate an intention of the legislature to decrease the protection theretofore extended to the subcontractor's laborers and materialmen.

Amendments were made in 1925 and 1927, but they provide only for notice of claims by subcontractors and materialmen and have no effect upon the question at bar.

Analyzed in accordance with its purpose to extend the benefit of the security to the subcontractors, section 2 is not out of harmony with the rest of the act.

It first declares the subcontractor's right to the benefit of the bond but that it is subject to the rights of his laborers and materialmen. The statutory rights of the latter remain paramount to and are not to be affected by the privilege given the subcontractor. It next provides that he may be subrogated to the liens(?) of his laborers and materialmen whom he has paid. If the statute stopped there, it would afford ground for the construction that the subcontractor could collect a larger amount .than his contract price in case he should pay such larger amount to laborers and materialmen and be subro-

gated to their rights. A limit upon the right of action of a subcontractor was necessary and it was established by the limitation in the remainder of the section, beginning with the qualifying word "but." Upon ordinary use of language, the immediately following qualifying clauses are not to be taken as statements of rights of persons generally but merely as limiting the rights granted in the preceding clause or clauses to which they are attached and which they qualify. So, the italicized language does not refer to or restrict the rights of laborers and materialmen when asserted by themselves, but constitutes merely a limitation upon the recovery of the subcontractor, with special reference to his rights acquired by subrogation. This construction is made more plain by the language following, which preserves the integrity of the contract as between the subcontractor and contractor, but forbids infringement of the statutory rights of laborers and materialmen by such contract.

As often has been mentioned by the courts, there is an analogy between the act at bar and the mechanics' lien law. The analogy, however, is in their common purpose to furnish security to laborers and materialmen on buildings. It does not extend to their provisions. The act at bar is not a lien law. The rights under the respective acts and the procedure to establish and enforce them are essentially different. Each statute must be construed according to its terms. There is no warrant for adopting defendant's contention that the provisions of one law may be translated to the other, or that they must be construed to attain equality of result.

In our opinion, all unpaid laborers and materialmen of a subcontractor on public buildings are en-

titled to full benefit of the bond furnished by the principal contractor, although the subcontract price may be exceeded thereby.

Judgment affirmed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.