### WILLIAMSON *v.* WILLIAMS.

1. BONDS—PUBLIC CONSTRUCTION CONTRACT—STATUTORY CONDI-TIONS READ INTO BOND.

Where principal contractors under highway construction contract and their surety were aware of statutory obligation to furnish bond and purpose thereof, they are in no position to object to reading into bond every essential statutory condition (3 Comp. Laws 1929, §§ 13132, 13134).

2. SAME—STATUTORY BONDS.

Where bond is given under authority of statute, that which is not expressed but should have been incorporated, is included in bond.

3. SAME—RIGHTS OF SUBCONTRACTORS' LABORERS—STATUTES.

Principal contractors under highway construction contract and surety on their bond given pursuant to 3 Comp. Laws 1929, § 13134, are liable for labor performed for subcontractor of subcontractor, although liability under bond as written limited liability to indebtedness arising from principal contractors.

4. SAME.
  Unpaid laborers and materialmen of subcontractor under high-
  way construction contract are entitled to full benefit of stat-
  utory bond furnished by principal contractors, although sub-
  contract price may be exceeded thereby (3 Comp. Laws 1929,
  §§ 13132, 13134).

5. SAME—AMOUNT DUE LABORERS NOT SUBJECT TO REDUCTION FOR
  UNPAID BOARD.
  Board furnished to laborers of subcontractor by his wife, and
  not paid for, is due her from boarders, and does not at all
  figure in reduction of wages due laborers from subcontractor,
  in absence of any agreement to such effect.

6. APPEAL AND ERROR—FINDING OF COURT—SATISFACTION.
  Where question of whether labor claim had been satisfied by
  written agreement, which does not so state, was in sharp
  dispute, finding of circuit judge of no such agreed satisfac-
  tion, having credible support, is not disturbed, on appeal.

Appeal from Newaygo; Pugsley (Earl C.), J.
Submitted January 5, 1933. (Docket No. 36, Calen-
dar No. 36,920.) Decided April 4, 1933.

Assumpsit by Gunnar Williamson against George
Williams and others for labor performed for sub-
contractors under public work construction contract.
Judgment for plaintiff. Defendants Pickett, Good-
win, and Michigan Surety Company appeal. Af-
firmed.

*William J. Branstrom, Harry D. Reber,* and
*Shields, Silsbee, Ballard & Jennings,* for appellants.
*A. S. Hinds,* for appellee.

WIEST, J. A highway construction contract was
let by the State highway commissioner to defend-
ants Pickett & Goodwin Brothers; they sublet to
Arthur Chaney, who sublet a part of his contract to
Williams & Splitstone, copartners. Plaintiff and
his assignors were laborers employed by Williams &

Splitstone, and this suit was brought against Pickett & Goodwin Brothers, original contractors, and the surety on their bond, to recover for labor performed for Williams & Splitstone. The principal contractors gave two bonds with defendant Michigan Surety Company surety; one called construction bond and the other lien bond, and each for $20,600. Plaintiff plants right to recover upon the following condition of the lien bond:

"Now, therefore, the condition of this obligation is such that if there shall be paid as the same may become due and payable all indebtedness which may arise from said contractor to a subcontractor, or to any person, firm or corporation on account of any labor, material, equipment rental, equipment depreciation or camp or equipment supplies furnished and actually used in the prosecution of said contract, or to any person entitled thereto under the provisions of the 'workmen's compensation act,' so-called, then this obligation to be void, otherwise to remain in full force and virtue."

Plaintiff had judgment against defendants Pickett & Goodwin Brothers, Michigan Surety Company, and Williams & Splitstone. Review, by appeal, is prosecuted by the principal contractors and the surety on their lien bond.

The question is whether labor employees of a subcontractor of a subcontractor can recover from the principal contractors and their surety.

This was a public work construction contract, and, to insure the payment by the principal contractors of subcontractors and laborers and for materials and certain supplies furnished and used, the law required the bond. 3 Comp. Laws 1929, §§ 13132, 13134. The principal contractors and the surety were aware of the statutory obligation, and they are

in no position to object to reading into the bond every essential statutory condition.

In *August* v. *Collins,* 260 Mich. 232, we quoted, with approval, the following terse statement of the well-established rule from *Chambers* v. *Cline* (syllabus), 60 W. Va. 588 (55 S. E. 999):

"Where a bond is given under the authority of a statute, that which is not expressed but should have been incorporated, is included in the bond."

Counsel for defendants concede that:

"If the bond had contained the condition specified in 3 Comp. Laws 1929, § 13134, we do not question but what liability for indebtedness arising to laborers employed by remote subcontractors would be imposed upon the principal."

They claim, however, that the bond, as executed, restricted liability to indebtedness arising from the principal contractor. The question is not new. It has been repeatedly passed upon by the courts, and the great weight of authority is to the effect that the provisions of the statute are read into the bond.

In *Guaranteed Gravel & Sand Co.* v. *Ætna Casualty & Surety Co.,* 174 Minn. 366 (219 N. W. 546), the point was presented that the bond and contract did not embrace all the terms and elements of the statute. The court stated (p. 375):

"But the parties intended to comply with the statute. The contract and bond were made in reference to the statute. The purpose of the parties being established to be the same as the purpose of the statute, the joint purpose cannot be defeated by a failure to write into the contract and bond one of the provisions of the statute whether such omission is due to the voluntary act of the parties or is attributable to their oversight or inadvertence. Under such circumstances the law imputes such provisions to the contract whether written therein or not. In such a

situation the contract is made in reference to the law which is read into the contract and out of which the liability arises.  \*  \*  \*  The statute is a part of such contract whether embraced within the written language thereof or not; and its faithful performance means that the requirements of the law must be met.''

In *Baumann* v. *City of West Allis,* 187 Wis. 506, 526 (204 N. W. 907), it was stated:

''It is the contention of appellants that the liability sought to be imposed by the statute does not arise unless the provision required by the statute is actually inserted in the contract. If this construction is correct, then the relief which the legislature attempted to afford subcontractors and materialmen is very much like sounding brass. The remedy which the legislature intended to extend may under such a construction be defeated if the parties to the contract do not insert the prescribed provision, and whether the remedy is available to subcontractors and materialmen depends not upon the law but upon the parties to the contract. If this be the proper construction of the law, then the statute might just as well not have been passed, because such was the law before. Such a statute will be construed in the light of the conditions and circumstances which gave rise to the law and to effectuate the purpose which the legislature sought to accomplish. Having discovered that purpose, the law should be construed to give effect thereto. We entertain no doubt that it was the purpose of the legislature to afford a remedy, in the nature of an action against the surety, to all subcontractors furnishing labor or material entering into the construction of public buildings and public works mentioned in the section of the statute. This purpose may not be defeated by the voluntary act or by the oversight of the parties in failing to insert such a provision in the contract. The law imputes such provision to the contract whether written therein or not.''

In *Reiff* v. *Redfield School Board,* 126 Ark. 474, 478 (191 S. W. 16), it was said:

"In the absence of a statute the right to sue on a public contractor's bond given to the owner of the property for labor and material furnished is dependent entirely on the terms of the bond. Without some provision promising to pay the laborers and materialmen, an action cannot be maintained. * * * On the other hand where a bond is executed pursuant to the statute providing that a contractor's bond given thereunder for the faithful performance of public work shall inure to the benefit of those furnishing labor and materials, it is well settled that an action may be maintained thereon by one of such persons to recover for services rendered or material supplied in the fulfillment of the contract."

The statute (3 Comp. Laws 1929, § 13135), giving laborers the right to have recovery on the bond would be meaningless if statutory provisions did not enter the bond, whether so written in or not.

Counsel for defendants cite *Eau Claire-St. Louis Lumber Co.* v. *Banks,* 136 Mo. App. 44 (117 S. W. 611), in support of their contention. We cite *Fogarty* v. *Davis,* 305 Mo. 288, 293 (264 S. W. 879):

"The rule in this State is that in construing a statutory bond the provisions of the statutes must be read into it and construed as a part of it. 'When parties execute a statutory bond they are chargeable with notice of all provisions of the statute relating to their obligation, and those provisions are to be read into the bond as its terms and conditions. * * * These provisions are a part of the bond of which both principal and surety must take notice.'"

See, also, *Globe Indemnity Co.* v. *Barnes* (Tex. Com. of App.), 288 S. W. 121; *Trinity Portland Cement Co.* v. *Lion Bonding & Surety Co.* (Tex. Com. of App.), 229 S. W. 483; *Philip Carey Co.* v.

*Maryland Casualty Co.,* 201 Iowa, 1063 (206 N. W. 808, 47 A. L. R. 495); *Multnomah County* v. *United States Fidelity & Guaranty Co.,* 92 Ore. 146 (180 Pac. 104).

Defendants contend that the original contractors and their surety are not "liable   *   *   *   for an amount in excess of the sum required from their subcontractor under the latter's contract with his subcontractor who employed the laborers." The subcontractor Chaney paid out an amount in excess of the sum he had contracted to pay his subcontractors Williams & Splitstone for the portion of his subcontract let to them. Defendants invoke 3 Comp. Laws 1929, § 13133.

This is not a suit by a subcontractor. If it were it would require an allegation and proof that he had paid to all parties the full sums due them for labor, contracted for by him.

We had occasion in *Davy Fuel & Supply Co.* v. *S. R. Ratcliffe Plastering Co.,* 260 Mich. 276, to construe this statute, and we held that it does not—

"restrict the rights of laborers and materialmen when asserted by themselves, but constitutes merely a limitation upon the recovery of the subcontractor, with special reference to his rights acquired by subrogation. This construction is made more plain by the language following which preserves the integrity of the contract as between the subcontractor and contractor, but forbids infringement of the statutory rights of laborers and materialmen by such contract."

We also there held that:

"All unpaid laborers and materialmen of a subcontractor on public buildings are entitled to full benefit of the bond furnished by the principal contractor, although the subcontract price may be exceeded thereby."

We agree with the trial judge that board furnished the laborers by Mrs. Caroline Williams, and not paid for, is due her from the boarders and does not at all figure in reduction of wages due the laborers from Williams & Splitstone, their employers. Mrs. Williams was the wife of George Williams, but the board she furnished was her own venture, and her husband could not, by book entry, deduct the board from wages of the employees of Williams & Splitstone, and, without payment of the board, release the obligation of the boarders to pay, or the right of Mrs. Williams to look to the boarders for pay in the absence of an agreement to such effect. We do not find such an agreement. The laborers were not working for a daily wage and board.

Oscar T. Splitstone, father of Joseph Splitstone and one of plaintiff's assignors, performed labor for Williams & Splitstone and was a surety on the bond given by Williams & Splitstone, as subcontractors, to Arthur Chaney, and it is claimed that when Williams & Splitstone failed in performance of their contract Mr. Chaney took charge, and, by a writing, released Oscar T. Splitstone as surety, and that satisfaction of his claim for labor was part of the consideration. The writing does not so state, the testimony on the question was in sharp dispute, the circuit judge found no such agreed satisfaction, and his finding, having credible support, we think it should stand.

Affirmed, with costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.