SQUARE D ENVIRONMENTAL CORPORATION v AERO
MECHANICAL, INC

Docket No. 57481. Submitted June 16, 1982, at Detroit.—Decided
September 22, 1982.

Plaintiff, Square D Environmental Corporation, a subcontractor,
commenced a suit in Oakland Circuit Court for unpaid labor
and material against Elgin Builders, Inc., the general contrac-
tor and the Insurance Company of North America. The statu-
tory payment bond was furnished in connection with the con-
struction of a new bus terminal. Square D was a subcontractor
of Aero Mechanical, Inc., and Aero was a subcontractor of the
general contractor, Elgin. There was no direct contractual
relationship between Elgin and Square D. Square D was
granted a default judgment against Aero. The court, Frederick
C. Ziem, J., granted summary judgment to Elgin and INA
ruling that Square D was not exempt from the statute on
public bonds and had not complied with the notice provisions of
that statute, necessary for recovery. The plaintiff appeals. *Held:*

The trial court did not err in concluding that the law of
Michigan requires a strict construction of the statute on public
bonds. The statute on public bonds is not unconstitutional. The
notice provision bears a reasonable relation to the legislative
objective of establishing an orderly and systematic presentment
of claims.

Affirmed.

V. J. BRENNAN, P.J., dissented. He disagreed that strict com-
pliance with the notice requirements of the statute on public
bonds was necessary to recover. He believed that substantial
compliance with the terms of the statute should be sufficient
for a claimant not having a direct contractual relationship with
the principal contractor to proceed against the payment bond
for the amount due and owing for labor or materials furnished
for the performance of the contract. He would reverse the
decision of the trial court.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 17 Am Jur 2d, Contractors' Bonds § 121.
[2] 16A Am Jur 2d, Constitutional Law §§ 403, 404.

OPINION OF THE COURT

1. SURETYSHIP AND GUARANTEE — SURETY BONDS — SUBCONTRACTORS.

A subcontractor who has no direct contractual relationship with the general contractor is precluded from bringing an action for payment on a surety bond where the subcontractor fails to serve notice of his claim upon the general contractor within 30 days of the commencement of the subcontractor's work; the statutory 30-day notice provision is to be strictly adhered to, and substantial compliance is not sufficient (MCL 129.207; MSA 5.2321[7]).

2. CONSTITUTIONAL LAW — STATUTES — DUE PROCESS — EQUAL PROTECTION.

The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective; the test to determine whether a statute enacted pursuant to the police power comports with equal protection is essentially the same; under traditional equal protection analysis, a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest.

DISSENT BY V. J. BRENNAN, P.J.

3. SURETYSHIP AND GUARANTEE — SURETY BONDS — SUBCONTRACTORS.

*Substantial compliance with a statutory notice requirement by a construction subcontractor seeking recovery on a surety bond is sufficient to allow the maintenance of the action absent a showing of prejudice to the surety; the statute requires notice of the claim to be given to the principal contractor, not the surety, and a surety may not benefit by a subcontractor's noncompliance with the statute (MCL 129.207; MSA 5.2321[7]).*

*Ginn, Kramer & Jacobson, P.C.* (by *Marty A. Burnstein),* for plaintiff.

*Federlein & Grylls, P.C.* (by *Walter J. Federlein),* for defendants.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. The sole issue on appeal is whether as a prerequisite to recover against a payment bond pursuant to MCL 129.201 *et seq.;* MSA 5.2321(1) *et seq.,* a subcontractor needs to strictly comply with the provisions of that statute. The trial court concluded that strict compliance was necessary and, therefore, granted a motion for summary judgment dismissing plaintiff's claim against the payment bond.

Square D Environmental Corporation (Square D) was a subcontractor of Aero Mechanical, Inc. (Aero), which was a subcontractor of the principal general contractor, Elgin Builders, Inc. (Elgin). The Insurance Company of North America (INA) was the surety to the City of Detroit in the amount of $3,695,000, on behalf of Elgin. Square D took a default judgment against now-bankrupt Aero for $154,819.94, which has not been appealed, set aside or satisfied. The instant action was commenced on March 14, 1980, for unpaid labor and material in the amount of $154,819.94 against the statutory payment bond.

The basis of Square D's claim is MCL 129.207; MSA 5.2321(7), which states:

"A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) *he has within 30 days after furnishing the first of such material or performing the first of such labor, served on the principal contractor a written notice, which shall inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials,* and (b) he has given written notice to the principal contractor and the governmental unit involved within 90 days from the date on which the

claimant performed the last of the labor or furnished or supplied the last of the material for which the claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed." (Emphasis added.)

There existed no direct contractual relationship between Elgin and Square D. Elgin stipulates that it had knowledge that Square D was a subcontractor performing labor and furnishing materials on the public project. A stipulation signed and dated on August 8, 1980, between Elgin and Square D, sets forth that the former had actual knowledge of the materials furnished or to be furnished, of the labor performed or to be performed, and the site of such labor and materials used. On appeal, Elgin claims that the stipulation only acknowledges Square D's presence on the site and not the specific material and labor furnished. A plain reading of the stipulation does not bear out this contention.

The multifaceted argument that the public bond statute should be liberally construed has been considered in *Charles W Anderson Co v Argonaut Ins Co,* 62 Mich App 650; 233 NW2d 691 (1975), *lv den* 395 Mich 815 (1975) (BRENNAN, J., *dissenting),* and *John A Hall Construction Co v Boone & Darr, Inc,* 102 Mich App 786; 302 NW2d 850 (1981). The *Anderson* and *Hall* Courts concluded that strict compliance with the notice requirements was necessary.

Plaintiff argues that by analogy to the Michigan mechanics' lien act, MCL 570.1 *et seq.;* MSA 26.281 *et seq.,* and the federal projects bonding act, 40 USC 270(a) *et seq.,* both of which are liberally construed, the public bond statute at issue should also be liberally construed. The mechanics' lien act

specifically states it is to be liberally construed.
MCL 570.27; MSA 26.307.

The analogy to the mechanics' lien act is unpersuasive because of the difference in the applicable areas of the law involved. Mechanics' liens have been statutorily provided since 1827 and furnished protection for large and small businessmen against sophisticated and unsophisticated customers. As a result of the nature of the transactions, often very unbusinesslike, the act must be liberally construed. Municipal law, on the other hand, is highly regulated by nature and governed by contracts and statutes which precisely define the rights and remedies of the parties. Liberal construction, therefore, is unnecessary as the parties need only follow the specific step-by-step procedures enacted to protect their interests.

The federal public bond act has been liberally construed by the federal courts since well before the 1973 amendment of the Michigan public bond statute. *American Surety Co v Lawrenceville Cement Co,* 110 F 717, 719 (D Me, 1901). The Michigan Legislature was aware, or should have been, of the liberal interpretation given the federal act, but chose not to specify that the state act be liberally construed.

We conclude that the rationale of *Anderson* and *Hall* is controlling and, therefore, the trial court did not err in concluding that the law of this state requires strict construction of the public bond act.

Plaintiff also raises a constitutional issue that the public bond statute violates due process and equal protection. In *Shavers v Attorney General,* 402 Mich 554, 612-613; 267 NW2d 72 (1978), the Court stated:

" 'The test to determine whether legislation enacted

pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. See *Michigan Canners v Agricultural Bd*, 397 Mich 337, 343-344; 245 NW2d 1 (1976).

" 'The test to determine whether a statute enacted pursuant to the police power comports with equal protection is, essentially, the same. As the United States Supreme Court declared in *United States Dep't of Agriculture v Moreno*, 413 US 528, 533; 93 S Ct 2821; 37 L Ed 2d 782 (1973):

" ' "Under traditional equal protection analysis, a legislative classification must be sustained, if the classification itself is rationally related to a legitimate governmental interest." ' "

This Court reviews plaintiff's claim with the above principles in mind, as well as the presumption of constitutionality that the statute enjoys. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 17; 299 NW2d 336 (1980). The notice provision bears a reasonable relation to the legislative objective of establishing an orderly and systematic presentment of claims. We conclude that the statute is constitutional.

Affirmed.

No costs, a statutory interpretation being involved.

V. J. BRENNAN, P.J. *(dissenting)*. I respectfully dissent. In *Charles W Anderson Co v Argonaut Ins Co,* 62 Mich App 650; 233 NW2d 691 (1975), *lv den* 395 Mich 815 (1975), relied upon by the majority in the present case, I dissented because I disagreed with the majority's conclusion that strict compliance with the notice requirement of MCL 129.207; MSA 5.2321(7) was necessary. Because the Supreme Court denied leave to appeal in that case

and has not addressed the issue, I adhere to the opinion that I expressed in my dissent:

"It is my considered opinion that under the present law, MCL 129.201 *et seq.;* MSA 5.2321(1) *et seq.,* substantial compliance with the terms of the statute by a 'claimant not having a direct contractual relationship with the principal contractor' is sufficient to allow the claimant to proceed against the payment bond for the amount due and owing for labor or materials furnished for the performance of the contract and that in the absence of some showing of prejudice a surety may not benefit by a subcontractor's noncompliance with the statute." *Anderson, supra,* 655.

The basis of my opinion is fully set forth in my dissent in *Anderson, supra,* 655-657, and need not be repeated here. Therefore, I would reverse the decision of the trial court.