PI-CON, INC v A J ANDERSON CONSTRUCTION COMPANY

Docket No. 95471. Submitted November 19, 1987, at Detroit. Decided
June 20, 1988. Leave to appeal applied for.

Pi-Con, Inc., brought suit in the Wayne Circuit Court against A.J.
Anderson Construction Company and its bonding company,
Federal Insurance Company, seeking payment from a perfor-
mance bond secured by Anderson Company for a building
project at a public high school in Detroit. Brian & Gregory was
a subcontractor to Anderson Company and Pi-Con was a sub-
contractor to Brian & Gregory. Pi-Con did not have a direct
contractual relationship with Anderson Company. Brian &
Gregory had filed for bankruptcy and Pi-Con was unable to
secure compensation in the bankruptcy proceedings for materi-
als and labor it furnished on the project. Plaintiff moved for
summary disposition. Defendants argued that Pi-Con had not
complied with the statutory requirements for perfecting a claim
against the bond. The trial court, Charles Kaufman, J., granted
summary disposition for plaintiff, finding that defendants had
received some notice and that plaintiff had substantially com-
plied with the statutory requirements. A judgment in the
amount of $25,140 was entered. Defendants appealed.

The Court of Appeals *held:*

Pi-Con did not comply with the statutory requirement that
notice be sent by certified mail to the principal contractor
within thirty days of furnishing the first of the material or
labor to be provided. Strict compliance with the statutory
notice requirements is required. Pi-Con's mailing of the notice
by regular mail, despite evidence of actual notice to Anderson,
did not satisfy the statutory notice requirements.

The trial court's grant of summary disposition and judgment
for plaintiff is reversed and summary disposition is granted to
defendants.

1. BONDS — PUBLIC WORK PROJECTS — CLAIMS AGAINST BOND.
The section of the Michigan public works bond statute which

REFERENCES

Am Jur 2d, Contractors' Bonds §§ 43 *et seq.*

See the Index to Annotations under Contractors' Bonds; Public
Works and Contracts.

specifies the procedure for a subcontractor who does not deal directly with the primary contractor to perfect a claim against the primary contractor's performance bond is not ambiguous and must be strictly construed; strict compliance with the statute's notice requirements is required and a claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless it complies with the requirements (MCL 129.207; MSA 5.2321[7]).

2. STATUTES — JUDICIAL CONSTRUCTION.

A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words employed in a statute, and when the language of a statute is clear and unambiguous, the statute must be applied and not interpreted.

*Goldstein, Serlin, Eserow, Rosenbaum & Baker, P.C.* (by *Barry M. Rosenbaum* and *Richard E. Baker*), for plaintiff.

*Schier, Deneweth & Parfitt, P.C.* (by *David W. Yaldo* and *Carl F. Schier*), for defendants.

Before: MacKenzie, P.J., and Doctoroff and P. J. Clulo,* JJ.

P. J. Clulo, J. Defendants appeal as of right from the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) in favor of plaintiff and the entry of judgment for plaintiff in the amount of $25,140. We reverse.

Plaintiff, Pi-Con, Inc., brought suit under the Michigan public works bond act, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, against defendant A. J. Anderson Construction Company and its bonding company, defendant Federal Insurance Company. Anderson Company was the general contractor for a building project at Cass Tech High School in Detroit. Brian & Gregory was a subcontractor to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Anderson Company. Pi-Con was a subcontractor to Brian & Gregory. Brian & Gregory filed for bankruptcy and Pi-Con was unable to secure compensation in the bankruptcy proceedings for materials and labor it furnished on the project. Pi-Con then sought payment from Anderson Company and Federal Insurance upon the bond secured by Anderson Company. MCL 129.207; MSA 5.2321(7). Pi-Con alleged that it had furnished labor and materials for the construction project to Brian & Gregory amounting to $25,140.

On December 15, 1982, Pi-Con sent a notice to the Detroit Board of Education, with copies to Brian & Gregory and to Anderson Company, stating that it had entered into a contract with Brian & Gregory to supply materials and installation services. This letter was sent by ordinary first class mail, and Anderson Company claims that this letter could not be found in its files. On December 7, 1982, Anderson Company had sent a mailgram to Brian & Gregory expressing concerns over Pi-Con's performance as a subcontractor. Pi-Con completed its work on the project on June 29, 1984. On September 6, 1984, Pi-Con sent notice to Anderson Company and the board of education stating that Brian & Gregory owed it $25,140 for labor and materials. This notice was sent by return mail, receipt requested.

On May 10, 1985, Pi-Con filed suit for $25,140 pursuant to MCL 129.207; MSA 5.2321(7). Defendants claimed that Pi-Con had not complied with the notice requirement of the bond statute because it had not sent the first notice by certified mail. Defendants also claimed that they lacked knowledge of the dates labor and materials were furnished, whether money was owed plaintiff on the project, and in what amount. Plaintiff filed a motion for summary disposition pursuant to MCR

2.116(C)(10) alleging that there was no genuine issue of material fact. At the hearing, defendants argued only that plaintiff had not complied with the statutory requirements for perfecting a claim against the bond.

The trial court granted summary disposition for plaintiff, finding that defendants had received some notice and that plaintiff had substantially complied with the statutory requirements. The trial court then granted plaintiff's motion for judgment in the amount of $25,140. Defendants opposed entry of this judgment, arguing that there was a material issue of fact as to the amount of damages.

At issue is the interpretation of § 7 of the Michigan public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, which was enacted to protect contractors and materialmen working on public projects, since the mechanic's lien law does not apply to public buildings. *Adamo Equipment Rental Co v Mack Development Co, Inc*, 122 Mich App 233, 236; 333 NW2d 40 (1982). Section 7 of the act specifies the procedure for a subcontractor who does not deal directly with the primary contractor to perfect a claim against the performance bond. MCL 129.207; MSA 5.2321(7) provides in pertinent part:

> A claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which payment bond is furnished under the provisions of section 3, and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which claim is made, may sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the

civil action, prosecute such action to final judgment for the sum justly due him and have execution thereon. A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) he has within 30 days after furnishing the first of such material or performing the first of such labor, served on the principal contractor a written notice, which shall inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials, and (b) he has given written notice to the principal contractor and the governmental unit involved within 90 days from the date on which the claimant performed the last of the labor or furnished or supplied the last of the material for which the claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Each notice shall be served by mailing the same by certified mail, postage prepaid, in an envelope addressed to the principal contractor, the governmental unit involved, at any place at which said parties maintain a business or residence.

In the instant case, it is undisputed that Pi-Con had no direct contractual relationship with the principal contractor, Anderson Company. Nor is it disputed that Pi-Con sent the required second notice to the governmental unit and to Anderson Company by certified mail within ninety days of completing its work for the subcontractor, Brian & Gregory. Pi-Con did not, however, comply with the statute's requirement that notice be sent by certified mail to the principal contractor within thirty days of furnishing the first of the material or labor to be provided.

Pi-Con argues that mailing timely notice by regular mail, rather than by certified mail, constitutes substantial compliance satisfying the statute's notice requirement. Pi-Con points out that the principal contractor, Anderson Company, had actual notice that Pi-Con was working on the project, as evidenced by the mailgram Anderson Company sent to Brian & Gregory.

We hold that mailing notice by regular mail, despite evidence of actual notice, does not satisfy the statute and that strict compliance with the statute's notice requirements is required. *Charles W Anderson Co v Argonaut Ins Co,* 62 Mich App 650, 653-654; 233 NW2d 691 (1975), lv den 395 Mich 815 (1975), motion for reconsideration denied 397 Mich 954 (1976). See also *Square D Environmental Corp v Aero Mechanical, Inc,* 119 Mich App 740, 744; 326 NW2d 629 (1982); *John A Hall Construction Co v Boone & Darr, Inc,* 102 Mich App 786, 795-796; 302 NW2d 850 (1981), lv den 414 Mich 874 (1982). As the Court in *Anderson Co* wrote:

> We are not out of sympathy with plaintiff's position but the plain language of the statute and the force of the precedent which we must apply in our interpretation thereof compel us to the conclusion that substantial compliance is not sufficient. [*Anderson, supra,* p 652.]

The statute clearly states the requirements for perfecting a claim against the performance bond. Sending the notice by certified mail is one of those requirements. The statute also clearly states that "[a] claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless" it complies with these requirements. MCL 129.207; MSA 5.2321(7). We agree with the *Ander-*

son Co Court that "[s]uch explicit language leaves very little room for judicial construction." *Anderson Co, supra,* p 654. A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words employed in the statute, and when the language of a statute is clear and unambiguous, the statute must be applied and not interpreted. *Van Dam v Civil Service Bd of the City of Grand Rapids,* 162 Mich App 135, 138; 412 NW2d 260 (1987).

Pi-Con argues that a panel of this Court rejected the strict interpretation construction of *Anderson Co* in *Adamo Equipment, supra.* Pi-Con requests this Court to follow that decision and depart from the precedent in *Anderson Co.* We decline to do so, noting that *Adamo Equipment* concerned the interpretation of a different provision of the statute, namely MCL 129.209; MSA 5.2321(9). The Court in *Adamo Equipment, supra,* p 236, wrote that the public works bond act was remedial in nature and should be liberally construed. Liberal construction may be appropriate where the statutory language is susceptible of different interpretations, as in MCL 129.209; MSA 5.2321(9). *Adamo Equipment, supra.* Where the language is unambiguous, however, as in MCL 129.207; MSA 5.2321(7), there is no need for judicial interpretation. *Van Dam, supra.*

Pi-Con argues that the public bond statute at issue should be liberally construed because the Michigan mechanics' lien act, MCL 570.1 *et seq.*; MSA 26.281 *et seq.*, and the federal projects bonding act, 40 USC 270(a) *et seq.*, are liberally construed. We reject this argument for the reasons stated by the Court in *Square D v Aero Mechanical, supra,* pp 743-744. We also note that the notice provision of the predecessor statute to the public

bond statute at issue was also strictly construed. The notice requirements were considered mandatory and a condition precedent to recovery on the bond. *Anderson Co, supra,* pp 652-653. Thus, we conclude that liberal construction of other provisions of the Michigan public bond statute does not preclude a ruling that § 7 of that act be strictly construed.

We reverse the trial court's grant of summary disposition and judgment for plaintiff, and grant summary disposition for defendants. MCR 2.116(C)(10). Our resolution of this issue makes it unnecessary to decide defendants' other claims of error.

Reversed.