ROYALITE COMPANY v FEDERAL INSURANCE COMPANY

Docket No. 114174. Submitted March 13, 1990, at Lansing. Decided June 4, 1990.

Granger Construction Company was primary contractor on a project involving the construction of the Genesee County jail. Federal Insurance Company issued to Granger the payment bond which Granger was required by statute to provide for the protection of claimants who supplied goods and labor for the project. Royalite Company supplied materials to Hatzel-Buehler, Inc., a subcontractor of Granger. When Royalite was not paid by Hatzel-Buehler for the materials it supplied, Royalite commenced in Genesee Circuit Court an action seeking recovery from Federal Insurance under the payment bond. It is undisputed that plaintiff did not have a direct contractual relationship with Granger and that plaintiff notified Granger and Genesee County of its claim within ninety days of the date the last materials were furnished; however, it is also undisputed that plaintiff had not notified Granger that it was furnishing materials within thirty days of first supplying materials. Plaintiff moved for summary disposition, arguing that, since the bond issued by defendant spoke only of a notice of a claim within ninety days of the date the last materials were furnished, the failure to comply with the thirty-day statutory notice would not defeat its claim. Defendant moved for summary disposition on the basis that strict compliance with the statutory notice provisions was required and that plaintiff's failure to give the statutory thirty-day notice precluded plaintiff's claim under the bond. The trial court, Robert M. Ransom, J., granted plaintiff's motion and denied defendant's motion, holding that defendant, as surety, could in its bond contract fix a less stringent notice requirement than that set forth in the statute. Judgment in the amount of $23,433.94 was entered in favor of plaintiff. Defendant appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Contractors' Bonds §§ 90, 121.

See the Index to Annotations under Contractors' Bonds; Notice of Claim.

The statute governing public works bonds was intended to create a floor for the liability of a surety issuing that type of bond. There is nothing to indicate that the statute was intended to act as a ceiling which would prohibit the surety from contractually obligating itself to greater liability. Since the bond itself required only a ninety-day notice and made no mention of the thirty-day notice requirement, plaintiff was obligated to give only the notice required by the bond itself.

Affirmed.

MAHER, J., dissented. He would hold that strict compliance with the statutory notice requirements is necessary to bring an action on the statutorily mandated bond. He would reverse.

BONDS — PAYMENT BONDS — PUBLIC WORKS — SUBCONTRACTORS — NOTICE.

The Michigan public works bond act is intended to provide a floor but not a ceiling as to the liability a surety must assume with respect to the protection of claimants supplying labor or materials to a public works project; accordingly, while the act provides for both a thirty-day notice and ninety-day notice by a claimant not having a direct contractual relationship with the principal contractor in order to perfect a claim under the surety bond, a surety in its bond contract may provide for a more liberal notice procedure; if a surety bond contract provides for only a ninety-day notice in order to perfect a claim under the bond, compliance with only the contractual notice is sufficient to perfect a claim under the bond (MCL 129.207; MSA 5.2321[7]).

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Robert L. Segar*), for plaintiff.

*Willingham & Coté, P.C.* (by *Patrick K. Ehlmann*), for defendant.

Before: HOOD, P.J., and MAHER and CYNAR, JJ.

CYNAR, J. Defendant appeals as of right from a circuit court order granting plaintiff summary disposition on its construction bond claim. We affirm.

The facts in this case are not in dispute. Granger Construction Company was the primary con-

tractor on a project involving the construction of the Genesee County jail. As required by the Michigan public works bond act, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, Granger furnished a payment bond, issued by defendant as surety, for the protection of certain claimants supplying labor or materials for the project. MCL 129.201, 129.203; MSA 5.2321(1), 5.2321(3). In connection with the project, plaintiff supplied materials to Hatzel-Buehler, Inc., a subcontractor to Granger. After Hatzel-Buehler failed to pay plaintiff for the materials supplied, plaintiff commenced the instant action seeking recovery under the payment bond.

Section 7 of the act, MCL 129.207; MSA 5.2321(7), specifies the procedure by which a claimant not having a direct contractual relationship with the primary contractor may perfect a claim against the payment bond:

> A claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which payment bond is furnished under the provisions of section 3, and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which claim is made, may sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the civil action, prosecute such action to final judgment for the sum justly due him and have execution thereon. A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) he has within 30 days after furnishing the first of such material or performing the first of such labor, served on the principal contractor a written notice, which shall inform the principal of the nature of the materials being furnished . . . , and (b) he has given written notice

to the principal contractor and the governmental
unit involved within 90 days from the date on
which the claimant performed the last of the labor
or furnished the last of the material for which the
claim is made, stating with substantial accuracy
the amount claimed . . . .

Among the conditions concerning giving notice
contained in the payment bond issued by defen-
dant was the following:

3. No suit or action shall be commenced hereun-
der by any claimant:
a) Unless claimant, other than one having a
direct contract with the Principal, shall have given
written notice to any two of the following, the
Principal, the Owner, or the Surety above named,
within ninety (90) days after such claimant did or
performed the last of the work or labor, or fur-
nished the last of the materials for which said
claim is made, stating with substantial accuracy
the amount claimed and the name of the party to
whom the materials were furnished, or for whom
the work or labor was done or performed.

While the bond referenced that portion of the
statute requiring ninety days notice, it did not
include a similar provision referring to the thirty-
day notice requirement also set forth in the stat-
ute.

It is undisputed that plaintiff met the statutory
definition of a claimant entitled to bring suit on
the bond. MCL 129.206; MSA 5.2321(6). It is also
undisputed that plaintiff did not have a direct
contractual relationship with the principal con-
tractor. Finally, the parties agree that, although
plaintiff complied with the ninety-day notice re-
quirement set forth in both the statute and the
bond, it did not comply with the portion of the
statute requiring thirty days notice from the date
materials were first supplied.

Cross-motions for summary disposition were brought by the parties. Defendant argued that plaintiff's failure to comply with the thirty-day notice requirement precluded it from maintaining an action on the bond. However, it was plaintiff's position that, because the actual payment bond only contained a ninety-day notice provision and it had complied with that provision, it was entitled to recovery. On the basis of *Hub Electric Co, Inc v Gust Construction Co, Inc,* 585 F2d 183 (CA 6, 1978), cert den 440 US 936; 99 S Ct 1282; 59 L Ed 2d 495 (1979), the trial court granted the motion in favor of plaintiff and awarded it judgment in the amount of $23,433.94.

Where there is no surety bond contract language covering a subcontractor, our Court has held the statute to be constitutional and required that its notice requirements be strictly construed. *Square D Environmental Corp v Aero Mechanical, Inc,* 119 Mich App 740; 326 NW2d 629 (1982). The purpose and intent of the Michigan public works bond act is to safeguard and protect contractors and material suppliers in the public sector. *Adamo Equipment Rental Co v Mack Development Co, Inc,* 122 Mich App 233, 236; 333 NW2d 40 (1982); *Skyline Steel Corp v A J Dupuis Co,* 648 F Supp 360, 370 (ED Mich, 1986).

In *Pi-Con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 394; 425 NW2d 563 (1988), lv gtd 432 Mich 891 (1989), our Court held that strict compliance with the statute's notice requirements was required. Liberal construction was appropriate only where the statutory language was susceptible to different interpretations. *Pi-Con, supra* at 395. However, in *Pi-Con, supra,* there was a contract between the principal and the surety which directly covered the notice requirements of a claimant other than one having a direct contract with

the claimant. Here, the bond itself contains specific language in which the surety grants the principal more liberal coverage than the statute. In *Pi-Con, supra,* the issue was whether the statutory notice requirements could be met by sending notice by regular mail as opposed to the statutorily required certified mail.

In *Tempco Heating & Cooling, Inc v A Rea Construction, Inc,* 178 Mich App 181; 443 NW2d 486 (1989), this Court held that strict compliance with the notice requirements of the statute was necessary in a case where the bond was written in direct compliance with the statute. There was a genuine issue of material fact related to both the thirty-day and ninety-day notices given. *Tempco, supra* at 190-192.

Here, the circuit court found the Sixth Circuit's opinion persuasive. The question in *Hub Electric, supra,* was whether a subcontractor's satisfaction of the ninety-day notice requirement in the bond executed between the parties, the principal and the surety, was sufficient to permit the subcontractor to recover on its claim, or whether the thirty-day notice requirement of the statute must also be met. The Sixth Circuit stated:

> We therefore hold that the surety by its bonding contract may agree to accept a greater liability than that required under the Michigan bonding statute, although for reasons of public policy it may not contract for less. The statute specifically provides that the payment bond is solely for the benefit of the claimants, and nothing suggests that the Act was intended to establish a ceiling as well as a floor upon the liability which a surety may undertake by contract. Because the bond here provided only for the 90-day notice and the trial court has correctly held that the plaintiff had complied in all respects with the conditions of the

bond as written, plaintiff is entitled to recover upon it. [*Hub Electric, supra* at 188.]

Although this Court is not bound by a federal court decision construing a Michigan statute, it may follow the decision if the reasoning is persuasive. *Hardy v Maxheimer,* 429 Mich 422, 432; 416 NW2d 299 (1987); *Continental Motors Corp v Muskegon Twp,* 365 Mich 191; 112 NW2d 429 (1961). We are persuaded the decision in *Hub Electric, supra,* is correct. The failure to reference the thirty-day notice requirement within the bond itself excused compliance with that requirement.

Affirmed.

HOOD, P.J., concurred.

MAHER, J. *(dissenting).* I cannot agree with the majority's conclusion that defendant's failure to include within its payment bond a provision reciting the statutory thirty-day notice requirement excused compliance with this requirement.

The payment bond that was issued in this case was a statutory bond that was required under the Michigan public works bond act, MCL 129.201 *et seq.;* MSA 5.2321(1) *et seq.* Exactly who is entitled to look to the bond for protection and the manner in which a claim under the bond must be perfected is expressly governed by the statute. MCL 129.206, 129.207; MSA 5.2321(6), 5.2321(7). The act expressly requires that, when a claimant does not have a direct contractual relationship with the primary contractor, a claimant must comply with both thirty- and ninety-day notice requirements as a prerequisite to a "right of action" on the bond. MCL 129.207; MSA 5.2321(7). This Court has repeatedly held that these notice requirements must be strictly complied with. *Tempco Heating & Cool-*

*ing, Inc v A Rea Construction, Inc,* 178 Mich App 181, 190; 443 NW2d 486 (1989); *Pi-Con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 394; 425 NW2d 563 (1988), lv gtd 432 Mich 891 (1989); *Square D Environmental Corp v Aero Mechanical, Inc,* 119 Mich App 740, 744; 326 NW2d 629 (1982).

Although it is undisputed that the plaintiff failed to comply with the thirty-day notice requirement, the majority nevertheless holds that such compliance may be excused because defendant did not expressly reference this statutory requirement in the bond that was issued. I believe such a conclusion is contrary to both the intent of the Legislature and existing Michigan law.

Under Michigan law, when a bond is given under the authority of a statute, the provisions of the statute are required to be read into the bond, whether so written in or not. *Williamson v Williams,* 262 Mich 401, 404-406; 247 NW 704 (1933). Thus, because the payment bond in this case was a statutory one, given under the authority of the Michigan public works bond act, it was governed by the statute, and the various statutory requirements governing one's rights under the bond, including the manner for perfecting a claim, were required to be read into the bond, whether so written in or not.

In reaching a contrary result, the majority relies on *Hub Electric Co, Inc v Gust Construction Co, Inc,* 585 F2d 183, 188 (CA 6, 1978), cert den 440 US 936; 99 S Ct 1282; 59 L Ed 2d 495 (1979), which held:

> [T]he surety by its bonding contract may agree to accept a greater liability than that required under the Michigan bonding statute, although for reasons of public policy, it may not contract for less. . . . Because the bond here provided only for

the 90-day notice and the trial court correctly held that the plaintiff had complied in all respects with the conditions of the bond *as written,* plaintiff is entitled to recover upon it. [Emphasis added.]

This Court is not bound by a federal court decision construing a Michigan statute. *Hardy v Maxheimer,* 429 Mich 422, 432; 416 NW2d 299 (1987); *Continental Motors Corp v Muskegon Twp,* 365 Mich 191; 112 NW2d 429 (1961). I believe *Hub Electric* represents an erroneous interpretation of Michigan law. The court's holding reflects that it was based upon its conclusion that the plaintiff had complied with the conditions of the bond *as written.* However, it failed to read into the bond those requirements of the statute under which the bond was issued. *Williamson, supra.*

In analyzing this case, plaintiff's status as a claimant cannot be ignored. Plaintiff does not have a direct contractual relationship with either defendant or defendant's principal, nor has plaintiff furnished any consideration for its right to seek the protection provided by the payment bond. Instead, the protection enjoyed by plaintiff existed only because the statute required it. Further, because the bond was a statutory one, defendant, as surety, was not free to either limit or otherwise alter its liability in a manner contrary to that required by the statute. Since the furnishing of the bond, plaintiff's right to bring suit on the bond, and the extent of defendant's liability thereunder are all governed by statute, defendant had a right to rely on the requirements of the statute. In *Charles W Anderson Co v Argonaut Ins Co,* 62 Mich App 650, 653-654; 233 NW2d 691 (1975), lv den 395 Mich 815 (1975), this Court recognized that the statutory notice requirements serve an important function in protecting the surety "so

that it might have timely notification that a claimant who has not had any direct dealing with the surety's principal but, rather, with a subcontractor, intends to hold the surety responsible on its bond in the event of default by one of the contractors."

It is important to recognize that nowhere in the act does the Legislature require that the provisions of the statute be included in any bond issued under the act. I believe that by excusing compliance with an express statutory requirement, merely because that requirement is not expressly mentioned in the bond itself, the majority is establishing dangerous precedent that will pave the way for future decisions clearly unintended under the act. Take, for instance, a situation where the payment bond fails to reference the ninety-day notice provision, as well as the thirty-day provision. Although the statute does not require either of these provisions to be included in the bond, would a claimant who failed to provide any notice whatsoever thereby be entitled to recover under the bond merely because it had otherwise complied with the conditions of the bond as written? Further, suppose the payment bond did contain both the statutory notice requirements but neglected to include a provision reciting the statutory requirement that an action on the bond be commenced within one year from the date on which final payment was made to the principal contractor. MCL 129.209; MSA 5.2321(9). Would this mean the surety has therefore, in the words of the *Hub Electric* court at 187, "assum[ed] by contract . . . a broader liability than contemplated by the Act," thereby entitling a claimant to bring an action after one year merely because the claimant had otherwise complied with the conditions of the bond as written? Although the majority's holding would

arguably permit recovery in each of these situations, I do not believe such results were ever intended under the act.

While it may be true that a surety, for whatever reason, may, in some instances, decide to assume liability greater than that required by the statute, I do not believe that, where a bond is issued under the authority of the Michigan public works bond act and the provisions of the act are therefore required to be read into the bond itself, assumption of greater liability should be inferred merely from the surety's failure to include all statutory requirements in the actual bond issued. Rather, if for some reason a surety elects to assume liability greater than that required by the statute, such intent should be manifested by express language in the bond itself.

Accordingly, because it is undisputed that the plaintiff in this case failed to comply with the thirty-day statutory notice requirement, and because there is no language in the bond expressly waiving compliance with this requirement, I believe summary disposition should have been granted in favor of defendant. I would therefore reverse the decision of the trial court.