W T ANDREW COMPANY, INC v MID-STATE SURETY
CORPORATION

Docket No. 159064. Submitted May 12, 1994, at Detroit. Decided
October 20, 1994; approved for publication March 10, 1995, at
9:00 A.M.

W.T. Andrew Company, Inc., brought an action in the Wayne
Circuit Court against Mid-State Surety Corporation and Marino
Mechanical Contractor Company, seeking compensation for
goods and labor supplied to Marino. Marino was a subcontrac-
tor of A.Z. Shmina & Sons on a renovation job for the Univer-
sity of Michigan. Mid-State was the surety with respect to a
labor and material payment bond issued to Shmina. The court,
John H. Gillis, Jr., J., granted summary disposition for the
plaintiff, finding that Mid-State was liable under the payment
bond, and denied summary disposition for Mid-State. Mid-State
appealed.

The Court of Appeals *held:*

1. It is undisputed that the plaintiff is not a proper claimant
under the language of the bond itself, because the plaintiff had
no direct contract with Shmina.

2. Although Mid-State did not present specific arguments
below that the public works bond statute, MCL 129.201 *et seq.*;
MSA 5.2321(1) *et seq.*, does not apply, the statute was discussed
in the trial court proceedings, and the trial court appears to
have based its decision on the provisions of that statute. Ac-
cordingly, the question whether that statute is applicable under
these circumstances properly is raised on appeal.

3. The public works bond statute does not apply to public
universities, such as the University of Michigan, that are
created by the state constitution. Accordingly, the public works
bond statute does not apply, and the plaintiff is not entitled to
the remedy provided by the statute. Because the plaintiff is not
entitled to claim under either the bond itself or the public
works bond statute, the court erred in granting summary

REFERENCES

Am Jur 2d, Contractors' Bonds §§ 60, 61.
What constitutes "public work" within statute relating to contrac-
tor's bond. 48 ALR4th 1170.

disposition for the plaintiff and in failing to grant summary disposition for Mid-State.

Reversed.

BONDS — PUBLIC WORKS BONDS — UNIVERSITIES.

The public works bond statute is not applicable to constitutionally created universities (MCL 129.201 *et seq.*; MSA 5.2321[1] *et seq.*).

*Frank & Stefani* (by *Sidney L. Frank*), for the plaintiff.

*Wegner & Associates, P.C.* (by *Wayne G. Wegner* and *Shane F. Diehl*), for the defendant.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

PER CURIAM. Defendant Mid-State Surety Corporation appeals as of right from a November 12, 1992, judgment for plaintiff, W.T. Andrew Company, Inc.[1] We reverse.

This is a dispute between a materials supplier, plaintiff, and a surety company, Mid-State, concerning plaintiff's claim under a labor and material payment bond issued by Mid-State[2] to the general contractor, A. Z. Shmina & Sons. The University of Michigan had contracted with Shmina to perform renovations on its Dearborn campus. Marino Mechanical Contractor Company was one of the subcontractors on the project that obtained supplies from plaintiff. When Marino failed to pay plaintiff the full balance due for the

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant also contests the trial court's order of September 29, 1992, granting partial summary disposition for plaintiff with regard to the issue of liability.

[2] The original surety was Cadillac Insurance. However, when a receiver was appointed for Cadillac Insurance in January, 1990, Mid-State Surety Corporation was assigned the bond and assumed all rights and responsibilities of Cadillac under the bond.

construction materials, plaintiff filed suit, claiming approximately $70,000 under the labor and material payment bond.

In the trial court, plaintiff moved for summary disposition with respect to the issue of Mid-State's liability under the payment bond. Mid-State filed a cross motion for summary disposition, arguing that plaintiff had failed to provide proper notice to perfect its claim. In an order entered on September 29, 1992, the trial court granted partial summary disposition for plaintiff with regard to the issue of liability, and denied Mid-State's motion. In a subsequent order entered on November 12, 1992, the trial court awarded judgment for plaintiff against Mid-State in the amount of $78,645.63. Herein, Mid-State appeals from these orders as of right.

The dispositive issue raised in this appeal concerns whether plaintiff is a proper claimant under the relevant public works construction bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* It is undisputed that plaintiff is not a proper claimant under the language of the bond itself, because plaintiff had no "direct contract" with the general contractor. On appeal, Mid-State argues that plaintiff's claim can not arise under the public works bond statute, because the statute does not apply to public universities such as the University of Michigan. In other words, if the public works bond statute does not apply to the construction contract at issue, then plaintiff should not be afforded the protections guaranteed under the public works bond statute. In response, plaintiff argues that Mid-State should not be allowed to raise for the first time on appeal the issue whether the statute should apply in this case.

Our review of the record reveals that although Mid-State did not argue specifically that the public

works bond statute does not apply in this case, the statute was discussed in the hearings below, and the trial court appears to have based its decision upon an interpretation of the public works bond statute. Because the trial court considered the issue below, it is ripe for appeal. *Adam v Sylvan Glynn Golf Course,* 197 Mich App 95, 98; 494 NW2d 791 (1992). In the alternative, because this is an issue of law and the necessary facts have been presented, this Court will review the matter de novo. *Id.; Spruytte v Owens,* 190 Mich App 127, 132; 475 NW2d 382 (1991).

Citing *Royalite Co v Federal Ins Co,* 184 Mich App 69; 457 NW2d 96 (1990), the trial court concluded that plaintiff had given sufficient notice to the surety within ninety days of furnishing materials and granted summary disposition for plaintiff with respect to the issue of liability under the bond. We question whether plaintiff gave sufficient notice under the language of either the bond or the public bond statute. MCL 129.207; MSA 5.2321(7). However, regardless of any questions concerning proper notice, there remains the more fundamental question whether plaintiff was a proper claimant under the public works bond statute. It is implicit in the trial court's ruling that plaintiff was a proper claimant under the bond statute, because the parties agreed that plaintiff could not be considered a claimant under the definition contained in the bond itself. Although *Royalite, supra* at 74-75, may stand for the proposition that a surety may not contract for less liability than that required by the bonding statute, *Royalite* does not provide any guidance concerning the question whether the public works bond statute provides plaintiff any remedy in this case.

The relevant portion of the public works bond statute, MCL 129.201; MSA 5.2321(1), provides:

Before any contract, exceeding $50,000.00 for the construction, alteration, or repair of any public building or public work or improvement of the state or a county, city, village, township, school district, public educational institution, other political subdivision, public authority, or public agency hereinafter referred to as the "governmental unit", is awarded, the proposed contractor, hereinafter referred to as the "principal contractor", shall furnish at his or her own cost to the governmental unit a performance bond and a payment bond which shall become binding upon the award of the contract to the principal contractor.

Further, MCL 129.206; MSA 5.2321(6) defines a claimant as "a person having furnished labor, material, or both, used or reasonably required for use in the performance of the contract."

We agree that plaintiff might be considered a "claimant" under the language of MCL 129.206; MSA 5.2321(6) in an appropriate case. However, this is not such a case. This Court has held previously that the public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, does not apply to a public university such as the University of Michigan. *William C Reichenbach Co v Michigan,* 94 Mich App 323, 336; 288 NW2d 622 (1979). Addressing a similar, former statute, the Michigan Supreme Court has also held that public universities are not constrained by statutory bonding requirements when undertaking construction projects. *Weinberg v Regents of the Univ of Michigan,* 97 Mich 246, 252-255; 56 NW 605 (1893). Cf. *Dynamic Heating & Pumping Co v Ins Co of North America,* 912 F2d 123, 127-129 (CA 6, 1990). The rationale behind these decisions is to protect the financial and managerial autonomy of these institutions of higher learning, which were created independently under the state constitution. Const

1963, art 8, § 5.[3] *Reichenbach, supra* at 335-336; *Weinberg, supra* at 253-254; *Dynamic Heating, supra* at 127-129. Despite the fact that the bonding statute refers to "public educational institution[s]," this Court has drawn a distinction between public educational institutions generally and those institutions created independently under the state constitution. As stated by the panel of this Court in *Reichenbach, supra* at 336, "the term 'public educational institution,' as that term is used in the performance bonding statute, applies to only those colleges and universities whose governing boards are not created in the constitution."

Because the public works bonding statute does not apply, plaintiff is not entitled to the remedy of a "claimant" under the statute. Thus, the trial court erred in entering judgment for plaintiff against Mid-State. Accordingly, we enter judgment for Mid-State, dismissing plaintiff's claims against Mid-State. MCR 7.216(A)(1) and (7).

The remaining issues raised on appeal (concerning the adequacy of notice and the service charges) are rendered moot in light of our decision that the bond statute does not apply to this case.

Reversed in accordance with this opinion.

---

[3] At the time of the *Weinberg* decision, *supra,* Const 1850, art 13, §§ 6-8, provided similar language concerning the independent structure of the public universities.